**PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,**

v.

**Jesus F. BORJA, Defendant-Appellant.**

**No. 83–1138.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 1983.

Decided May 4, 1984.

734

Lee Jay Todd, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Jeffrey Cook, Cunliffe & Cook, Agana, Guam, for defendant-appellant.

Before GOODWIN, SCHROEDER, and FARRIS, Circuit Judges.

SCHROEDER, Circuit Judge.

Jesus F. Borja appeals his conviction and sentence for burglary, aggravated assault, and possession and use of a deadly weapon during the commission of a burglary. In addition to challenging the legality of his arrest and the admissibility of the identification evidence, he raises two issues of first impression under Guam law. The first is whether he could be convicted of possession or use of a deadly weapon during the commission of a burglary when the evidence showed that he used a weapon in an assault after entering an apartment, but no evidence showed that he either possessed or used the weapon during his actual unauthorized entry into the apartment. The second is whether the Guam Crimes and Corrections Code authorizes imposition of consecutive sentences for burglary and for use of a deadly weapon during the commission of a burglary. We affirm the conviction on all counts and uphold the sentencing.

Early in the morning of June 17, 1981, a woman who lived in the same apartment complex as Borja awakened to find a man holding a knife to her throat. The woman screamed and her sister chased the man outside. When the police arrived, they interviewed the woman, her sister, and a neighbor, all of whom indicated that the intruder was the man who lived in the downstairs apartment, Jesus Borja. Without obtaining a warrant the police entered Borja's apartment, arrested him, and took him outside where the woman identified him as her assailant.

A jury convicted Borja of burglary, aggravated assault, and use of a deadly weapon during the commission of a burglary. The court sentenced Borja to five years imprisonment for burglary and added a consecutive five year sentence, along with a special three year parole term, for possession and use of a deadly weapon. Borja also received a three year concurrent sentence for the aggravated assault.

Borja was convicted of burglary under section 37.20(a) of the Guam Crimes and Corrections Code, which provides:

A person is guilty of burglary if he enters or surreptitiously remains in any habitable property or a separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the defendant is licensed or privileged to enter....

Guam Code Ann. tit. 9, § 37.20(a) (1982). The burglary conviction served as the underlying felony for the Guam enhancement provision:

Whoever unlawfully possesses or uses a deadly weapon in the commission of a felony punishable under the laws of Guam shall, in addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years. The sentence shall include a special parole term of not less than three (3) years in addition to such term of imprisonment. No person convicted and sentenced hereunder shall be eligible for parole or probation until he shall have served at least five (5) years in prison. No person convicted or sentenced hereunder shall be eligible to participate in any work release program until he shall have served at least five (5) years. The term required to be imposed by this Section shall not run concurrently with any term of imprisonment imposed for the commission of any other felony.

Guam Code Ann. tit. 9, § 80.37 (1982). Borja contends his conviction for use of a deadly weapon during the commission of a burglary was improper. He argues that the burglary was complete at the time that he made his unauthorized entry, and the evidence showed possession or use of a weapon only after that time.

■ Although Borja's interpretation of the Guam burglary statute is plausible, it is not the interpretation that California courts have placed upon similar burglary and enhancement provisions. Guam's burglary and enhancement statutes are based upon their California counterparts. *See* Cal.Penal Code §§ 459,[1] 12022.5, 12022.7 (West 1982). This court has recognized that where Guam law is unclear, California cases "are persuasive." *Roberto v. Aguon,* 519 F.2d 754, 755 (9th Cir.1975). *See Smith v. Lujan,* 588 F.2d 1304, 1306 (9th Cir.1979).

■ For the purposes of the California enhancement statute, burglary is a continuing offense that is not completed until the defendant reaches a place of safety. *Peo-*

*ple v. Ramirez,* 93 Cal.App.3d 714, 726–27, 156 Cal.Rptr. 94, 100 (1979); *People v. Walls,* 85 Cal.App.3d 447, 454, 149 Cal. Rptr. 460, 464 (1978); *see also People v. Ramos,* 30 Cal.3d 553, 587, 639 P.2d 908, 927, 180 Cal.Rptr. 266, 285 (1982) (en banc) (defendant could be convicted for murder during the commission of a robbery because "robbery continues beyond the point in time when the property is taken from the victim"), *rev'd on other grounds sub nom. California v. Ramos,* — U.S. —, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983). In rejecting the argument that a burglary is completed once the defendant crosses the victim's threshold, the California Court of Appeal stated, "[a]doption of this approach would, of necessity, introduce an artificial analysis as to when the underlying robbery, burglary or rape had been 'completed' and, in our view, would subvert the legislative intent in enacting the enhancement provisions." *People v. Ramirez,* 93 Cal.App.3d at 726, 156 Cal.Rptr. at 100.

■ The Model Penal Code also supports holding that burglary is a continuing offense. Section 221.1(2)(b) provides: "An act shall be deemed 'in the course of committing' an offense if it occurs in an attempt to commit the offense or in flight after the attempt or commission." Model Penal Code § 221.1(2)(b) (1962). The recognition that one can be in the "course of committing" even "after the ... commission" indicates that an offense is not completed for all purposes once the statutory requirements are satisfied. Since Borja used a deadly weapon before he left the scene of the burglary and reached a place of safety, we hold that the evidence supported application of section 80.37's enhancement provisions.

Borja bases his challenge to the imposition of a consecutive sentence for use of a deadly weapon upon a claimed incompatibility between section 80.37, which expressly calls for consecutive sentencing, and section 80.10(b), which provides:

---

**1.** The original source for Guam Code Ann. tit. 9, § 37.20 is 1947 Cal.Stats. ch. 1052. The Califor-

nia burglary statute is now codified with minor changes at Cal.Penal Code § 459 (West 1982).

Where the judgment of conviction included more than one crime, the sentences imposed shall run concurrently except as provided in §§ 80.38, 80.40 and 80.42.

Guam Code Ann. tit. 9, § 80.10(b) (1982). Borja correctly points out that section 80.37 is not one of the enumerated exceptions to section 80.10(b). He argues that the sentencing statutes are therefore ambiguous and should be interpreted in favor of concurrent rather than consecutive terms. *See Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

■ The language of section 80.37, however, is clear; punishment for use of a deadly weapon shall be imposed "in addition to [the punishment for the underlying felony]" and "shall not run concurrently." Indeed, were we to hold that the enumeration in section 80.10(b) precludes the imposition of consecutive sentences under section 80.37, we would rob section 80.37 of any effect. The rule favoring concurrent sentences does not require such a result. As the Supreme Court stated in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983), where "a legislature specifically authorizes cumulative punishment under two statutes ... a court's task of statutory construction is at an end ... and the trial court or jury may impose cumulative punishment under such statutes in a single trial." Section 80.37 is an unambiguous expression of the Guam legislature's intent to impose additional punishment on those who use weapons during the commission of felonies. *See* 2A C. Sands, *Sutherland Statutory Construction* § 4604 (1973). That legislative intent should be honored.

■ Borja's remaining contentions may be dealt with summarily. Exigent circumstances justified the officers' warrantless entry into his apartment as required by *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Exigency must be viewed from the totality of circumstances known to the officers at the time of the warrantless entry. *See United States v. Manfredi*, 722 F.2d 519, 522–23

(9th Cir.1983). In the present case, the trial court found that exigent circumstances included the fact that the victim and her sister knew the burglar and where he lived, that the sister had followed the defendant until she saw him turn toward his apartment and heard the door slam shut, and that the officers had reason to believe that Borja's wife, whom he had threatened earlier in the evening, was still in the apartment and in danger.

■ Similarly, the totality of the circumstances, including the witnesses' knowledge of the identity of the defendant and their ability to observe him, compels the conclusion that the field identification procedure was not unnecessarily suggestive and conducive to mistaken identification. *See Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Affirmed.