The PEOPLE OF the TERRITORY OF
GUAM, Plaintiff-Appellee,

v.

Al Vincent GARRIDO,
Defendant-Appellant.

No. 84–1149.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1984.

Decided Jan. 29, 1985.

Marceil Yeater, Asst. Atty. Gen., Agana,
Guam, for plaintiff-appellee.

Richard A. Pipes, Carbullido & Pipes,
Agana, Guam, for defendant-appellant.

Before HUG, TANG, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

The defendant appeals from his convictions for attempted manslaughter, possession of a deadly weapon during the commission of a felony, and aggravated assault. These charges arose from two separate episodes in which the defendant attacked his wife. The first, leading to the aggravated assault charge, occurred when he attacked her with scissors; the second, leading to the attempted manslaughter charge, occurred when he attacked her with a knife. The trial court imposed consecutive sentences on each count and an additional penalty of five years for the possession of a deadly weapon in connection with the attempted manslaughter. We affirm the convictions and the enhanced penalty but hold that under Guam statutes the sentences for attempted manslaughter and aggravated assault should have been concurrent.

Garrido challenges the jury instructions on several grounds. First, he argues that the trial court erred in instructing the jury that he could be found guilty of attempted manslaughter as a lesser included offense of attempted murder. At trial, no objection was made to the instruction; but on appeal the defendant argues that it was plain error to instruct the jury on attempted manslaughter because it is legally impossible to commit such an offense under Guam law. He argues that because under Guam Code Ann. tit. 9 § 13.10 (1982)[1] an attempt requires intent, and because under Guam Code Ann. tit. 9 § 16.40 (1982)[2] manslaughter includes reckless, i.e., unintentional conduct, there is no crime of attempted manslaughter. We hold that the instruction was not plain error.

■ Manslaughter in Guam includes not only a homicide "committed recklessly" but also a homicide "committed under the influence of extreme mental or emotional disturbance." Guam Code Ann. tit. 9, § 16.40. One acting in a disturbed mental state can intend to cause another's death. *See, e.g., State v. Almeda,* 189 Conn. 303, 455 A.2d 1326, 1329 nn. 4–5 (1983) (dictum recognizing existence of attempted manslaughter of the "mitigated intent to cause death" type); *People v. Williams,* 102 Cal.App.3d 1018, 1025, 162 Cal.Rptr. 748, 752 (5th Dist.1980) (rejects contention that crime of attempted voluntary manslaughter is a logical impossibility); *see also* R. Perkins, *Perkins on Criminal Law* 2d ed., at 575 n. 11 ("The position that there can be no such crime as an attempt to commit voluntary manslaughter seems questionable."). Thus, it is not logically impossible to combine Guam's attempt statute with its manslaughter statute to create an offense of attempted manslaughter.

■ The trial court instructed the jury on the law of attempt and the alternative requisite mental states of manslaughter. Although the instruction that one could commit attempted manslaughter through reckless conduct is questionable, it did not prejudice Garrido. The record supported a conviction for attempted manslaughter based on extreme emotional or mental disturbance, not recklessness. The jury instruction is not plain error and may not be successfully challenged on appeal. Guam

---

1. 9 G.C.A. § 13.10 provides:

A person is guilty of an attempt to commit a crime when, with intent to engage in conduct which would constitute such crime were the circumstances as he believes them to be, he performs or omits to perform an act which constitutes a substantial step toward commission of the crime.

2. 9 G.C.A. § 16.40(a) provides:

*"Manslaughter" Defined and Classified.*
(a) Criminal homicide constitutes manslaughter when:

(1) it is committed recklessly; or
(2) a homicide which would otherwise be murder is committed under the influence of extreme mental or emotional disturbance for which there is reasonable explanation or excuse. The reasonableness of such explanation or excuse shall be determined from the viewpoint of a reasonable person in the defendant's situation under the circumstances as he believes them to be. The defendant must prove the reasonableness of such explanation or excuse by a preponderance of the evidence.

**1380**

Code Ann. tit. 8, § 90.19(c); Guam Code Ann. tit. 8, § 130.50(b). There is not a reasonable possibility that the error materially affected the verdict. *See United States v. Herbert*, 698 F.2d 981, 986 (9th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 87, 78 L.Ed.2d 95 (1983).

The defendant next argues that the court erred in failing to instruct the jury on the consequences of a verdict of not guilty by reason of insanity. Garrido argues that the average juror does not know that a defendant found not guilty by reason of insanity may be committed to a hospital, and, therefore, the jury may resist such a verdict because it fears that the defendant will be released and endanger the community. The defendant asked the court to instruct the jury that if he were found not guilty by reason of insanity, it would be the duty of the court to determine, on the basis of evidence given at the trial or at a separate hearing, whether to order the defendant committed to the Administrator of the Guam Memorial Hospital.

Garrido principally relies on *Lyles v. United States*, 254 F.2d 725 (D.C.Cir.1957), *cert. denied*, 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067 (1958), which held that unless the defendant affirmatively requests no instruction, the court should, whenever the insanity defense is fairly raised, instruct the jury that a verdict of not guilty by reason of insanity will result in the confinement of the accused in a hospital for the mentally ill until he regains his sanity.

■ Guam law, however, unlike the law of the District of Columbia, permits the trial court to refuse to commit the defendant to a hospital even if it finds him affected by mental illness, if it finds that he is no longer a threat to himself or the community. *Compare* Guam Code Ann., tit. 9, § 7.34(a)(2) (1982) *with* D.C.Code Ann. § 24–301(d)(1) (1981). The defendant's proposed instruction, therefore, did not clearly state what Guam law requires for commitment. The District of Columbia Circuit has suggested the importance of a more precise

instruction regarding the effect of a verdict of not guilty by reason of insanity and has stated that the *Lyles* instruction should be recast to reflect District of Columbia law more accurately. *United States v. Brawner*, 471 F.2d 969, 997 (D.C.Cir.1972).

Even if the defendant had proposed a more accurate instruction which would have given the jury a better understanding of the effects of a successful insanity defense, there was insufficient evidence in the record to support a verdict of not guilty by reason of insanity. The sole expert to testify regarding Garrido's mental health testified that there was "no evidence whatsoever to indicate that ... Garrido suffers from serious mental illness, disease or defect" and that "based on a reasonable medical certainty, ... nothing ... cause[d] him to be unable to appreciate the wrong, the nature of his actions, or to ... control his conduct." Therefore, any error in regard to the insanity instruction was harmless.

■ Garrido also contends that the district court judge was prejudiced and should have recused himself. The evidence in support of this contention is that the judge who presided at trial had officiated at the defendant's and victim's wedding and told the victim at that time that if she "ever need[ed] a divorce from this bum" she should come and see him. The judge denied ever making such a statement. We review the denial of a recusal motion for abuse of discretion. *United States v. Sibla*, 624 F.2d 864, 868–69 (9th Cir.1980). The facts in this record do not indicate that the judge's failure to recuse himself was an abuse of discretion.

Finally, Garrido contends that the trial court should not have imposed consecutive sentences for the aggravated assault and attempted manslaughter convictions. He points out that under Guam law sentences imposed on convictions contained in the same judgment must be concurrent unless they fall within certain exceptions. The

statute in question provides that "[w]here the judgment of conviction include[s] more than one crime, the sentences imposed shall run concurrently except as provided in Sections 80.38, 80.40 and 80.42." [3] Guam Code Ann. tit. 9, § 80.10(b) (1982).

■ The government correctly points out that the mere joinder of charges for purposes of trial does not require a single punishment or concurrent sentences. *Hill v. United States*, 306 F.2d 245, 247 (9th Cir.1962). But here we deal with a statute which specifically requires concurrent sentences. The government asks us to limit the statute to require imposition of concurrent sentences only when the crimes arise out of the same transaction. No such limitation exists in this statute, and the creation of such a limitation would be contrary to its stated intent.

■ The three exceptions to concurrent sentences provided in Section 80.10(b) do not apply to this case. Guam Code Ann. tit. 9, § 80.10(b). Section 80.38 requires that the court make special findings prior to sentencing a person to an extended term for multiple felonies. Although Garrido was being sentenced for two felonies, the court did not find that his "criminality was so extensive that a sentence of imprisonment for an extended term [was] warranted." Guam Code Ann. tit. 9, § 80.38(b). The second exception, Section 80.40, does not apply because it applies only to certain misdemeanor convictions. Guam Code Ann. tit. 9, § 80.40 (1982). The third exception, section 80.42, does not apply because it permits the imposition of an extended term only on petition of the Director of Corrections after the original sentencing.

Guam Code Ann. tit. 9, § 80.42 (1982). No such petition has been made in this case. The imposition of consecutive sentences for the underlying convictions was therefore erroneous.

■ The imposition of a consecutive enhancement term for the use of a deadly weapon was correct and consistent with our decision in *People of the Territory of Guam v. Borja*, 732 F.2d 733 (9th Cir.), cert. denied, — U.S. ——, 105 S.Ct. 300, 83 L.Ed.2d.235 (1984). In *Borja*, we recognized that the enhancement for use of a deadly weapon provided by section 80.37 of the Guam Crimes and Corrections Code, Guam Code Ann. tit. 9, § 80.37, should run consecutively to the sentence for the underlying felony conviction. 732 F.2d at 736. As we stated in *Borja*, "were we to hold that the enumeration in section 80.10(b) precludes the imposition of consecutive sentences under section 80.37, we would rob section 80.37 of any effect." *Id.*

The judgment of conviction is affirmed and the matter remanded for resentencing for two concurrent terms on the attempted manslaughter and aggravated assault convictions.

---

**3.** Guam Code Ann. tit. 9, § 80.38 states the situations in which the court may sentence repeat, multiple, and "dangerous, mentally abnormal" felony offenders to an extended term of imprisonment. Guam Code Ann. tit. 9, § 80.38 (1982). 9 Guam Code Ann. tit. 9, § 80.40 states the situations in which the court may sentence misdemeanor offenders to an extended term of imprisonment. Guam Code Ann. tit. 9, § 80.42 in part provides:

On petition of the Director of Corrections to the court in which the person was originally sentenced to imprisonment the court may extend his sentence to [certain prescribed terms] if it finds that such extension is necessary for protection of the public.
Guam Code Ann. tit. 9, § 80.42 (1982).