The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

George TAISIPIC, Defendant-Appellant.

No. 86–1170.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 1987.

Nunc pro tunc, Feb. 26, 1988.

Order and Opinion July 8, 1988.

Robert Valencia, Valencia & Wong, Berkeley, Cal., for the defendant-appellant.

Frances Tydingco–Gatewood, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before TANG, CANBY and BRUNETTI, Circuit Judges.

## ORDER

The request for publication of the memorandum disposition filed February 26, 1988 is granted. Accordingly, pursuant to Circuit Rule 36–4, the attached opinion is ordered filed as the decision of the court, nunc pro tunc, February 26, 1988.

## OPINION

TANG, Circuit Judge:

George Taisipic appeals the district court's denial of his motions to correct an illegal sentence and to reduce his sentence. Taisipic contends the Superior Court for the Territory of Guam committed reversible error when it imposed consecutive sentences on two separate and distinct criminal actions in the same judgment order. This disposition is limited to that issue alone.[1] We reverse and remand for resentencing.

### I

The question presented is whether Title 9, Guam Code Annotated, § 80.10(b), as construed by the Ninth Circuit in *People v. Garrido*, 752 F.2d 1378 (9th Cir.1985), renders the defendant's sentence invalid. Section 80.10(b) provides:

Where the judgment of conviction included more than one crime, the sentences imposed shall run concurrently except as provided in §§ 80.38, 80.40 and 80.42.

The parties agree that this case does not fall into any of the enumerated exceptions of § 80.10(b). 9 Guam Code Ann. § 80.10(b) (1982)

Taisipic pleaded guilty in the Superior Court of Guam on January 9, 1985 to offenses contained in two separate informa-

tions. The separate informations were based on two unrelated events. The facts charged in Superior Court Criminal case no. 12F–85 arose from the armed robbery of a McDonald's Restaurant on November 24, 1984. Criminal case no. 13F–85, on the other hand, arose from events occurring on December 1, 1984 which included the theft of a watch, an automobile and criminal sexual conduct.

In case no. 12F–85, the court sentenced Taisipic to serve 15 years for the offense of robbery in the second degree and 20 years for the offense of possession and use of a deadly weapon during the commission of a felony. The sentences in case no. 12F–85 were to be served consecutively, resulting in a total sentence of 35 years.

In case no. 13F–85, the trial court imposed a sentence of 15 years for the charge of second degree criminal sexual conduct; 3 years for the offense of robbery in the third degree; and 8 years for the offense of theft of a motor vehicle. The sentences under 13F–85 were to be served concurrently, resulting in a total sentence of 15 years.

Finally, the trial court ordered that the sentences under case no. 13F–85 be served consecutively with case no. 12F–85. These separate sentences were contained in a single judgment document. Taisipic's motions to correct and reduce his sentence were denied by the trial court. Taisipic's appeal to the district court of Guam requesting relief from the trial court's order was also denied. The district court affirmed the trial court's imposition of consecutive sentences and remanded to the Superior Court with instructions to prepare two separate judgment orders nunc pro tunc for case nos. 12F–85 and 13F–85.

We review de novo a decision of the Appellate Division of the District Court of Guam regarding a motion to correct a sentence under Guam law. *Guam v. Yang*, 850 F.2d 507, 509 (9th Cir.1988) (en banc); *United States v. Quan*, 789 F.2d 711, 713 (9th Cir.1986).

---

1. This panel earlier granted the People's motion to strike portions of appellant's opening brief on the grounds that it raised issues neither presented to nor ruled upon by the district court.

## II

The procedural facts of this case closely track those of *People v. Garrido,* 752 F.2d 1378 (9th Cir.1985). In *Garrido,* the defendant was convicted of aggravated assault under criminal case no. 50F–82 and convicted of attempted manslaughter and possession of a deadly weapon under case no. 49F–82. Garrido was sentenced to serve consecutive terms on each of these three offenses. This Court affirmed the convictions but held that under § 80.10(b) of the Guam Code, the sentences for attempted manslaughter and aggravated assault should have been concurrent.

The trial court and the district court in the instant case attempted to distinguish *Garrido* on two grounds. First, the trial court stated the sentences it imposed in Nos. 12F–85 and 13F–85 "were clearly intended to constitute separate judgments" and that the failure to actually do so "may have been the result of clerical error." The district court found the "clerical error" explanation persuasive and added an additional twist. Unlike *Garrido,* where the two actions were permissibly joined for trial under § 65.30(a) of the Guam Code of Civil Procedure, in the case at bar, "12F–85 and 13F–85 were never joined together: the Defendant merely entered pleas on both cases at the same time and was sentenced as to both cases at the same time."

■ These distinctions cannot override the plain words of the statute. The trial court in *Garrido* may also have "intended" that its sentences constitute separate judgments and been frustrated in its intent to do so because of "clerical error", but as we stated there, "under Guam law sentences imposed on convictions contained in the same judgment must be concurrent unless they fall within certain exceptions." *Garrido,* 752 F.2d at 1380. Further, even if the trial court's good intentions are accepted, its oral pronouncements during sentencing provide little guidance on the question raised. At bottom, consecutive sentences were imposed as between the offenses charged in 12F–85 and those charged in 13F–85. On its face, this violates the statute which requires that sentences imposed in the same judgment order run concurrently.

The argument that *Garrido* is distinguishable because there, the two actions were permissibly joined, must also fail. In *Garrido,* the government argued that the mere joinder of charges does not require a single punishment or concurrent sentences. The court agreed, but noted that in the case of § 80.10(b) "we deal with a statute which specifically requires concurrent sentences." *Id.* at 1381. Similarly in the instant case, the operation of the plain words of the statute should not turn on the presence or absence of the joinder of offenses.

■ The imposition of a consecutive enhancement term for the possession and use of a deadly weapon in case no. 12F–85 was correct. *See Garrido,* 752 F.2d at 1381 (citing *People v. Borja,* 732 F.2d 733 (9th Cir.), *cert. denied,* 469 U.S. 919, 105 S.Ct. 300, 83 L.Ed.2d 235 (1984)). Under the Guam enhancement statute, punishment for the use of a deadly weapon shall be imposed "in addition to [the punishment for the underlying felony]" and "shall not run concurrently." 9 Guam Code Ann. § 80.37 (1982); *see also, People v. Borja,* 832 F.2d at 736; *People v. Snaer,* 758 F.2d 1341 (9th Cir.), *cert. denied,* 474 U.S. 828, 106 S.Ct. 90, 88 L.Ed.2d 74 (1985). Thus, there was no error as to the consecutive sentences imposed in case no. 12F–85.

## III

The judgment of the district court denying Taisipic's motions to correct and reduce his sentence and affirming the trial court's imposition of consecutive sentences is reversed. The matter is remanded for resentencing for concurrent terms on the convictions set out in case no. 13F–85 and the robbery conviction of case no. 12F–85.

REVERSED and REMANDED.