990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey W. KLEINSMITH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jeffrey W. KLEINSMITH, Defendant-Appellee.
 Nos. 92-50333, 92-50380.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1993.*
Decided April 12, 1993.
 MEMORANDUM***
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and FITZGERALD,** Senior District Court Judge.
 
 
 2
 The appellant was charged with the manufacture and attempted manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The appellant entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to suppress (No. 92-50333). He was sentenced to ninety-seven months' imprisonment, to be followed by four years of supervised release. The government cross-appeals the sentence on the grounds that the court was required by statute to sentence Kleinsmith to a mandatory minimum of ten years (No. 92-50380).
 
 
 3
 Whether the Court Abused Its Discretion in Denying an Evidentiary Hearing on the Motion to Suppress
 
 
 4
 Whether an evidentiary hearing is warranted on a motion to suppress rests in the discretion of the district court. United States v. Wardlow, 951 F.2d 1115 (9th Cir.1991), cert. denied, 113 S.Ct. 469 (1992).
 
 
 5
 Kleinsmith's main argument is that there were no exigent circumstances to permit a warrantless search of his residence. We disagree.
 
 
 6
 Kleinsmith relies on a declaration of Mellinger, at whose residence this incident began. He also relies on his own interpretation of the actions the police took to show there were no exigent circumstances. However, "[e]xigency must be viewed from the totality of the circumstances known to the officers at the time of the warrantless entry." People of the Territory of Guam v. Borja, 732 F.2d 733, 736 (9th Cir.), cert. denied, 469 U.S. 919 (1984).
 
 
 7
 The record of telephone conversations between Mellinger (who was concerned about his wife), a police dispatcher, and several officers at the time of the incident shows that: (1) Kleinsmith and a friend were yelling outside the Mellinger residence for Mellinger's new wife, Donna, at 2:00 a.m. on the morning of December 1, 1991; (2) Kleinsmith came through a bedroom window, which he may have previously broken, and ripped the telephone from its connection as Donna was trying to call 911 (Supplemental Excerpt of Record at 10-13); (3) Kleinsmith threatened Mellinger and grabbed Donna's wrists; (4) Donna left with Kleinsmith, a former boyfriend, to avoid further confrontation and possible physical harm to herself and her husband; (5) Mellinger provided Kleinsmith's address and asked the police to check on Donna's welfare; (6) eighteen minutes after Mellinger's request, two officers arrived at the Kleinsmith residence and were told falsely by a J. Terry Miller that he was alone in the house when in fact the officers had observed another male leave the front room; (7) Deputy Basham informed Miller, who changed his story to say there were two children in the house, that he was going to make a quick check of the residence for Donna; (8) Deputy Basham saw and smelled a large quantity of methamphetamine in plain view in one of the bedrooms; and (9) Deputy Basham found Kleinsmith and Donna in another room, with a plastic tube filled with marijuana in plain view.
 
 
 8
 Because these facts clearly support the district court's finding of exigency, there was no abuse of discretion in denying an evidentiary hearing. See Borja, 732 F.2d at 736 (exigent circumstances where the intruder was known and from threats made earlier, it was thought his wife was with him and in danger).
 
 
 9
 We agree with the district court that there were exigent circumstances and that the entry into Kleinsmith's residence was not illegal; that the telephonic search warrant was valid;[1] and that Kleinsmith's statements to the police should not be suppressed. Therefore, we affirm in No. 92-50333.
 
 
 10
 Whether the District Court Erred in Sentencing Kleinsmith to Less Than the Mandatory Minimum Sentence Required by Law
 
 
 11
 We review de novo the question of whether the guidelines have been properly applied. United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990).
 
 
 12
 The district court specifically found that a total of 142.3 grams of methamphetamine were recovered from Kleinsmith. Supplemental Excerpt of Record at 55-56. Title 21, United States Code, Section 841(b)(1)(A)(viii) mandates a minimum mandatory sentence of ten years, or 120 months, for the possession of more than 100 grams of methamphetamine with the intent to distribute. Nevertheless, the district court sentenced Kleinsmith to only 97 months.
 
 
 13
 We have held that where sentencing statutes mandate minimum terms in excess of the maximum applicable Guideline sentence, the statutes control. United States v. Williams, 939 F.2d 721, 725-26 (9th Cir.1991). Therefore, we must reverse the district court's sentence in No. 92-50380.
 
 
 14
 AFFIRMED in part and REVERSED and REMANDED for imposition of sentence in accordance with 21 U.S.C. 841(b)(1)(A)(viii) (1988).
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Kleinsmith argues that the warrant contained false and recklessly inaccurate information in violation of Franks v. Delaware, 438 U.S. 154 (1978). The record does not support the contention that there was anything misleading in the affidavit