**Javier ANTEZANA; et al.,**
**Plaintiffs—Appellees,**

v.

**Peter RICHARDSON, et al.,**
**Defendants—Appellants.**

Nos. 03–15376, 03–16523.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Jan. 26, 2005.

H. Nathan James, Esq., Seifer, Murken, Despina & James, ALC, San Francisco, CA, for Plaintiffs–Appellees.

Louise Renne, Esq., Joanne M. Hoeper, Peter J. Keith, Esq., San Francisco City Attorney's Office, San Francisco, CA, Defendants–Appellants.

Before: OAKES,* KLEINFELD, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Plaintiffs Javier Antezana, his brother Carlos, and their friend Nestor Zamora sued San Francisco Police Officers Richardson and Diggs and the City of San Francisco ("the city") under 42 U.S.C. § 1983. They alleged that they were illegally arrested after the officers entered Carlos Antezana's house in violation of the Fourth Amendment and that the defendants subjected them to excessive force incident to the arrest.[1] The defendants appeal the district court's denial of their motions for partial summary judgment. We review de novo the denial of summary judgment in a qualified immunity action. *Elder v. Holloway,* 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

■ The district court erred in finding that there were triable issues of fact as to the officers' entry of Carlos Antezana's home. Under the undisputed facts, giving all favorable inferences to the plaintiffs, Officers Richardson and Diggs were responding to an anonymous 911 call that reported a fight involving 20 to 25 people at a house. Richardson and Diggs entered the house after hearing noises upon their arrival that appeared to substantiate that there was a fight. *See Warden, Md. Penitentiary v. Hayden,* 387 U.S. 294, 298, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) (establishing that officers may enter without a warrant if there are exigent circumstances).[2] Although the caller now states that he fabricated his complaint, the officers were entitled to proceed based on the information available to them at the time. Therefore, the officers were entitled to summary judgment on this claim. *See People of the Territory of Guam v. Borja,* 732 F.2d 733, 736 (9th Cir.1984).

The district court also erred in denying summary judgment to the defendants on the issue of whether plaintiffs' arrests were lawful. The record shows, as plaintiffs conceded at oral argument, that once it was determined that the officers' entry was legal, all the other claims should "fall by the wayside." *See United States v. Crawford,* 372 F.3d 1048, 1055 (9th Cir. 2004) (en banc).

■ The uncontested facts are that Carlos Antezana swung his arm at Richardson and Diggs after they entered the house. The officers then took Antezana to the

* The Honorable James L. Oakes, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Plaintiffs have not alleged sufficient facts to suggest that either Richardson or Diggs used force on them after the officers attempted to arrest them.

2. Plaintiffs contend that this case is governed by *Hopkins v. Sierra Vista,* 931 F.2d 524 (9th Cir.1991), in which we reversed a grant of summary judgment on behalf of an officer who entered a house after receiving an anonymous domestic violence tip. At the scene, the officer reportedly heard sounds of a card game, and possibly an argument, but no sounds of a woman seeking help. We remanded the case because we found there was a genuine issue of fact as to what the officer had heard at the scene. Here, however, it is uncontested that there were loud, boisterous voices coming from the home at the time the officers arrived at the scene. Plaintiffs contend that these voices were from a loud party at the house. However, the officers' belief that there was a fight, even if later proven mistaken, was sufficient to give rise to probable cause under the circumstances. *See Saucier v. Katz,* 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

110

ground, and Javier Antezana and Nestor Zamora attacked the officers in Carlos's defense. Under the uncontested facts, the officers were entitled to defend themselves against the use of force by the plaintiffs and to arrest the plaintiffs for assault.[3]

Finally, the district court erred in denying the city's motion for partial summary judgment. Plaintiffs do not allege facts that support a finding of any constitutional violation by the officers, or of a policy or omission of the city that giving rise to liability on these grounds. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Accordingly, the district court's denial of summary judgment is REVERSED.

---

3. Plaintiffs also alleged in their complaint that they were subjected to excessive force by various backup "John Doe" officers who arrived on the scene to assist Richardson and Diggs. These officers were not parties, however, to the present appeal.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.