Kathleen Turner, Agana, Guam, for plaintiff-appellee.

Robert Valencia, Berkeley, Cal., for defendant-appellant.

**PEOPLE OF THE TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**Eduardo D. IGLESIAS, Defendant–Appellant.**

No. 86–1176.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1987.

Decided Feb. 17, 1988.

Before SCHROEDER and NELSON, Circuit Judges, and LEAVY,* Circuit Judge.

SCHROEDER, Circuit Judge:

Appellant Eduardo Iglesias was found guilty of aggravated assault and of possession and use of a deadly weapon during the commission of a felony, by a jury in the Superior Court of Guam. He was sentenced to three years for the aggravated assault and to a ten-year enhancement term pursuant to the provisions of Guam Code Ann. tit. 9, § 80.37, which provides for enhancement when a deadly weapon is used in the commission of a felony. The District Court of Guam, Appellate Division, upheld the conviction and sentence, and we now affirm.

In both this appeal and the appeal to the District Court of Guam, Appellate Division, Iglesias has raised only one issue. He contends that he should not have received enhanced punishment for using a deadly weapon because the underlying felony already included the use of a deadly weapon as an element of the offense. Thus Iglesias claims he was illegally sentenced to the ten-year enhancement term.

* Judge Leavy was drawn to replace Judge Kennedy. He has read the briefs and reviewed the record.

Iglesias was convicted under section 19.-20(a)(3) of 9 Guam Code Annotated. Section 19.20(a) reads:

(a) A person is guilty of aggravated assault if he either recklessly causes or attempts to cause:

(1) serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life;

(2) serious bodily injury to another; or

(3) *bodily injury to another with a deadly weapon.* (emphasis added).

Section 80.37 of Guam Code Ann. tit. 9, the enhancement statute, reads:

Whoever unlawfully possesses or uses a deadly weapon in the commission of a felony punishable under the laws of Guam shall, in addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years....

The enhancement statute contains no exceptions and applies to all felonies. There is no question that the legislature has the power to impose multiple punishments for the same conduct. "It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145 n. 3, 67 L.Ed.2d 275 (1981); *see also Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The test is one of statutory construction and legislative intent. *Albernaz,* 450 U.S. at 340, 101 S.Ct. at 1143; *People of the Territory of Guam v. Snaer,* 758 F.2d 1341, 1344 (9th Cir.), *cert. denied,* 474 U.S. 828, 106 S.Ct. 90, 88 L.Ed.2d 74 (1985).

In *Snaer,* we left open the question presented here. In that case, we held that the enhancement provision clearly applied when the underlying aggravated assault conviction was not based upon section 19.-20(a)(3), the deadly weapon subsection, but instead was based on section 19.20(a)(1), the subsection condemning reckless indifference to human life. We have more generally discussed the legislative intent behind this enhancement provision in *People*

*of the Territory of Guam v. Borja,* 732 F.2d 733, 736 (9th Cir.), *cert. denied,* 469 U.S. 919, 105 S.Ct. 300, 83 L.Ed.2d 235 (1984). We there said: "Section 80.37 is an unambiguous expression of the Guam legislature's intent to impose additional punishment on those who use weapons during the commission of felonies. *See* 2A C. Sands, *Sutherland Statutory Construction* § 4604 (1973). That legislative intent should be honored."

Iglesias' only contention here is that we should look to the law of California in interpreting the statute, as we have held we should do when California law forms the antecedent of a Guam statute and the intent of the Guam legislature is difficult to discern. *Borja,* 732 F.2d at 735. However, in this case the legislature's intent is not obscure. We agree with the district court when it stated:

Had the Guam legislature wished to exclude any felony from the reach of Section 80.37, the Legislature could have easily done so under Public Law 14–143. It obviously chose not to. This legislative inaction, together with the clear and unambiguous language of Section 80.37 and the legislative history of Section 80.-37 evidences that the Guam Legislature intended to enhance the punishment for all those who possess or use a deadly weapon "in the commission of a felony punishable under the laws of Guam." (citation omitted).

*Guam v. Iglesias,* No. 85–00020A, slip op. at 4 (filed June 27, 1986).

Moreover, appellant's reliance upon California authority is misplaced. Appellant relies upon *Ex parte Shull,* 23 Cal.2d 745, 146 P.2d 417 (1944), which held that the deadly weapon enhancement statute then in effect in California did not apply when the underlying felony was assault with a deadly weapon. The California legislature subsequently enacted a statute that effectively overruled that decision. Cal.Penal Code § 12022.5 (1969). More importantly, however, there is no indication whatever that Guam looked to California law when it enacted its enhancement provision in 1978. The language of the 1978 Guam and 1978

California statutes bear little similarity.[1] California by this time had done another about face, and its enhancement statute spelled out that it did not apply when possession of a weapon was an element of the offense. Guam clearly did not adopt that language, nor did it suggest that it intended that result.

Appellant's sentence was proper. The judgment is AFFIRMED.

1. The version of the California statute in effect in 1978 read as follows:

"Any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of two years, unless use of a firearm is an element of the offense of which he was convicted."