954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kade ALLEN, Petitioner-Appellant,
v.
Jerry STAINER, Warden, Respondent-Appellee.
 No. 91-55688.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided Feb. 11, 1992.
 
 1
 Before WALLACE, Chief Judge, JAMES R. BROWNING, Circuit Judge and JONES, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Kade Allen appeals pro se the district court's denial of his petition for a writ of habeas corpus. We review the denial de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 4
 Allen was convicted by a California jury for a series of 14 crimes: kidnapping, kidnapping for the purposes of robbery, three counts of forcible oral copulation, three counts of rape, two counts of rape in concert, two counts of assault with a deadly weapon and two counts of attempted robbery. He was sentenced to prison for life with the possibility of parole on the kidnapping for the purposes of robbery count. He was sentenced to an additional two years in prison for a weapons enhancement on that count, plus an additional 31 years in prison for the remaining counts, to run consecutively to the life sentence.
 
 
 5
 * Allen argues the district court did not review his claims de novo before adopting the report of the Magistrate to whom the petition was referred. This argument is meritless. The district court said it had reviewed and was adopting the Magistrate's report pursuant to 28 U.S.C. § 636(b), and there is nothing in the record to the contrary.
 
 II
 
 6
 Allen argues there was insufficient evidence to support his conviction for kidnapping for the purposes of robbery in violation of California Penal Code § 209. In habeas corpus proceedings, we view the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Allen contends that, even accepting the prosecution's version of the facts, his conduct does not fall within the statutory definition of the crime.
 
 
 7
 The crime of kidnapping for the purposes of robbery requires that the intent to rob be formed before asportation occurs. People v. Tribble, 4 Cal.3d 826, 831-32, 94 Cal.Rptr. 613, 484 P.2d 589 (1971). Such intent was apparent because as the victim entered the vehicle, and before asportation occurred, Allen pointed a gun at the victim's head and demanded money.
 
 
 8
 The crime does not require, however, that the intent to kidnap precede the robbery. People v. Laursen, 8 Cal.3d 192, 199, 104 Cal.Rptr. 425, 501 P.2d 1145 (1972). Thus, although Allen may not have intended to kidnap the victim until he found out the victim was not carrying any money, this does not preclude a conviction under section 209. Nor does it matter that a robbery was never accomplished. People v. Beaumaster, 17 Cal.App.3d 996, 1007, 95 Cal.Rptr. 360 (1971).
 
 
 9
 When Allen forcibly transported the victim to a restaurant and then to the victim's home in an effort to commit a robbery there, the violation of section 209 was complete. Contrary to Allen's contention, it does not matter that the victim, a hitchhiker, initially entered the vehicle voluntarily.
 
 
 10
 Even if the victim's initial cooperation is obtained without force or the threat of force, kidnapping occurs if the accused subsequently restrains his victim's liberty by force and compels the victim to accompany him further.
 
 
 11
 ....
 
 
 12
 Imprisonment for any substantial distance in a moving vehicle is forcible asportation.
 
 
 13
 People v. Alcala, 36 Cal.3d 604, 622, 205 Cal.Rptr. 775, 685 P.2d 1126 (1984) (internal citations and quotation marks omitted).
 
 
 14
 Allen is correct that a conviction under section 209 will not lie when "the movements of the victims are merely incidental to the commission of the robbery and do not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself." People v. Daniels, 71 Cal.2d 1119, 1139, 80 Cal.Rptr. 897, 459 P.2d 225 (1969). However, in this case, the movement of the victim was not merely incidental to a robbery, but for the purpose of committing robbery at the restaurant and at the victim's home. Further, "a substantially increased potential for serious harm to the victim" is created when, as in this case, "the victim is forced to travel a substantial distance under the threat of imminent injury by a deadly weapon." People v. Lara, 12 Cal.3d 903, 908, 117 Cal.Rptr. 549, 528 P.2d 365 (1974).
 
 
 15
 Therefore, it is clear that a rational trier of fact could have found the essential elements of section 209 beyond a reasonable doubt. See Jackson, 443 U.S. at 319. Allen's other arguments on this ground are meritless.
 
 III
 
 16
 Allen argues the trial judge failed to instruct the jury sua sponte on lesser included offenses. In a non-capital case, the mere "[f]ailure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." James v. Reese, 546 F.2d 325, 327 (9th Cir.1976) (per curiam). In any event, failure to give such instructions did not result in a denial of due process because such instructions were inconsistent with Allen's theory of defense that no crimes occurred, and Allen's attorney agreed such instructions were not appropriate. See Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.1984).
 
 
 17
 Allen also argues the trial judge erred in failing to instruct the jury sua sponte concerning intoxication and diminished capacity. An error in instructing the jury is not a basis for habeas relief unless the error rendered the trial so fundamentally unfair as to deny due process. Cupp v. Naughten, 414 U.S. 141, 146-47 (1973). In this case, no such jury instructions were requested, Allen's counsel agreed they were inappropriate, and, while there was evidence at trial that Allen had been drinking, there was no evidence he was so intoxicated during the commission of the crimes that a defense of diminished capacity would apply. Under these circumstances, the failure to instruct on the issue was not a denial of due process.
 
 
 18
 Allen's contention that the trial judge ignored his defense of consent is meritless. The jury was instructed properly on this defense.
 
 IV
 
 19
 Allen argues his sentence was imposed in violation of the Double Jeopardy Clause because it amounts to multiple punishment for conduct that was part of the same course of conduct. "It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." People of the Territory of Guam v. Iglesias, 839 F.2d 628, 629 (9th Cir.1988) (citation omitted). Allen received consecutive sentences for certain counts, but the counts involved separate incidents and/or separate victims. To the extent Allen is arguing the California courts misinterpreted their own sentencing statutes in calculating his sentence, this claim is not a ground for federal habeas relief. Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989).
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3