980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank D. HARDIN, Petitioner-Appellant,
v.
Robert G. BORG, Warden and John Van De Kamp, Respondents-Appellees.
 No. 91-16301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Nov. 13, 1992.
 
 Before BOOCHEVER, NOONAN and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hardin was convicted in California state court of four counts of lewd and lascivious conduct upon the body of a child under the age of fourteen years in violation of California Penal Code § 288(b). He was sentenced to thirty-nine years in state prison. The California Court of Appeal affirmed Hardin's conviction and the California Supreme Court denied his petition for review.
 
 
 3
 This petition for writ of habeas corpus followed. The district court adopted in full the United States Magistrate Judge's findings of fact and recommendation that the petition be denied. The district court later vacated its order to allow Hardin to file objections. After a de novo review, the district court rejected Hardin's objections and denied his habeas petition.
 
 
 4
 * Although Hardin contends that the victims lied and he is innocent, the main purpose of his habeas petition appears to be to challenge the length of his sentence. He was convicted of three counts of lewd and lascivious acts against one victim and one count against another. He received consecutive eight-year terms for each count. Hardin contends that the three counts involving the first victim really constituted only one continuous act and therefore he should only be punished for one act against her.
 
 
 5
 To the extent that Hardin argues that California's courts misinterpreted their own sentencing statutes, he has not stated a ground for habeas relief. See Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989). Nor did Hardin receive multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. It is well settled that a single transaction can give rise to distinct offenses without violating the Double Jeopardy Clause. People of the Territory of Guam v. Iglesias, 839 F.2d 628, 629 (9th Cir.1988). The test is one of statutory construction and legislative intent. Id. Under California law, a defendant can receive multiple punishments for numerous sex offenses rapidly committed with the sole aim of sexual gratification. People v. Harrison, 48 Cal.3d 321, 324-25 (1989).
 
 
 6
 The magistrate judge characterized Hardin's claim as a challenge to the sufficiency of the evidence. Viewing the record in the light most favorable to the prosecution, we conclude that the evidence was sufficient. See Jackson v. Virginia, 443 U.S. 307, 313 (1978). A rational finder of fact could find beyond a reasonable doubt that Hardin was guilty of three separate and distinct counts under section 288 of lewd and lascivious acts against the first victim.
 
 
 7
 Hardin's petition also expressly challenges "the findings that the offenses were committed by means of force," and so can be fairly read to state a claim that the evidence was insufficient to convict him for aggravated lewd and lascivious conduct under section 288(b). Section 288(b) requires that a lewd and lascivious act be committed by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury. Cal.Penal Code § 288(b).
 
 
 8
 Under the circumstances of this case, it is clear that Hardin used physical force substantially different and greater than necessary to accomplish count three. See People v. Pitmon, 170 Cal.App.3d 38, 48 (1985). Moreover, we conclude that a rational finder of fact could find Hardin guilty beyond a reasonable doubt of having accomplished all four counts by threat of great bodily harm or duress. See People v. Jones, 155 Cal.App.3d 153, 169 (1984); Pitmon, 170 Cal.App.3d at 50.
 
 II
 
 9
 At the close of the trial, the court instructed the jury that it could find Hardin guilty of a felony under section 288(b) if it found that he committed the offense by force, violence, duress, menace, or threat of great and immediate bodily harm. The court's instruction was a correct description of California Penal Code § 288(b). However, the information charging Hardin did not allege that he had committed the offenses by violence, duress, or menace. The information stated only that he committed the offenses by "use of force or threat of great bodily harm, and against the will of the victim."
 
 
 10
 Hardin challenges the jury instruction as improper. Because he failed to object to the instruction at trial, he faces a great burden, see Henderson v. Kibbe, 431 U.S. 145, 153 (1976), yet Hardin fails to make any showing that he was prejudiced. Moreover, the instruction did not misstate the law. See Taylor v. Kincheloe, 920 F.2d 599, 609 (9th Cir.1990) (must show jury instruction is erroneous to pass threshold requirement for due process violation). Reviewing the instruction in the context of the overall charge, we cannot say that it so offends established notions of due process as to have deprived him of a constitutionally fair trial. See Cupp v. Naughten, 414 U.S. 141, 147 (1973).
 
 
 11
 The magistrate judge read Hardin's claim as a Sixth Amendment challenge to the adequacy of the information. See Sheppard v. Rees, 909 F.2d 1234, 1236 (9th Cir.1989). Hardin does not challenge the sufficiency of the facts presented in the information; rather he claims that, because the wording of the information varied from the wording of section 288(b), he did not have sufficient notice of the elements of the charges against him.
 
 
 12
 An information is sufficient if it states the elements of the offense charged with sufficient detail to enable the accused to prepare his defense. United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir.1986). The information clearly informed Hardin that he was being charged with violations of section 288(b). Read as a whole, we must conclude that Hardin was fully aware of the charges and able to prepare an adequate defense based on the information. See id. This is simply not a case where the prosecution ambushed the defense with a new theory of culpability in the form of an unexpected jury instruction permitting the jury to convict on a theory that was neither subject to adversarial testing nor defined in advance of the proceedings. See Sheppard, 909 F.2d at 1237.
 
 III
 
 13
 Hardin also claims he was denied the effective assistance of counsel at trial. As that claim was not raised in the district court, it will not be considered by this court. See United States v. Smith, 924 F.2d 889, 893 (9th Cir.1991).
 
 IV
 
 14
 The district court denied Hardin's habeas petition on July 5, 1991. On July 12, 1991, Hardin asked that counsel be appointed for this appeal to protect his interests. He challenges the denial of that request.
 
 
 15
 Indigent petitioners are not entitled to counsel unless the circumstances of the particular case indicate that appointed counsel is necessary to prevent due process violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); 18 U.S.C. § 3006A(g). In order to determine whether justice demands the appointment of counsel, we must evaluate the likelihood of success on the merits as well as the petitioner's ability to articulate his claims pro se in light of the complexity of the claims involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). Under the facts of this case, and in light of the timing of the request, neither the interests of justice nor due process required that Hardin have counsel appointed for him.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3