106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE of the Territory of Guam, Plaintiff-Appellee,
v.
Martin M. VILORIA, Defendant-Appellant.
 No. 96-10126.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1996.
Decided Dec. 24, 1996.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges; TANNER,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Martin M. Viloria appeals the district court appellate division's affirmance of his conviction by jury trial in Guam superior court for aggravated murder, burglary, robbery, and possession and use of a deadly weapon in the commission of a felony. The district court had jurisdiction under 48 U.S.C. § 1424-3(a) & (b). We have jurisdiction under 48 U.S.C. § 1424-3(c) and 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Viloria contends that his conviction must be reversed because the Guam prosecutor failed to divulge, and acknowledge, a plea agreement with a key witness, which violates due process under Brady v. Maryland, 373 U.S. 83 (1963). We disagree.
 
 
 5
 This court reviews an alleged Brady violation de novo. United States v. Alvarez, 86 F.3d 901, 903 (9th Cir.1996). Even assuming that the prosecution failed to disclose plea-related information, Viloria has demonstrated no prejudice to his defense, and therefore no reversal is warranted. See Harris v. Vasquez, 949 F.2d 1497, 1528 (9th Cir.1990) (citing United States v. Bagley, 473 U.S. 667, 682 (1985)), cert. denied, 503 U.S. 910 (1992). Viloria obtained the witness' federal plea agreement, as well as sentencing stipulations, before the end of trial, and he was able to use them to cross-examine the witness and challenge his credibility. Because Viloria "took full advantage" of the plea agreement during trial, he suffered no prejudice.
 
 II
 
 6
 Viloria contends that the trial court committed reversible error in failing to give requested jury instructions naming the key witness, Naholowaa, as an accomplice and the beneficiary of a plea bargain in exchange for his testimony. While it is reversible error for the court to deny an instruction covering a defense theory that is legally sound and supported by evidence, "[i]t is not error to deny the request if other instructions, when viewed in their entirety, cover that theory." United States v. Sherlock, 962 F.2d 1349, 1365 (9th Cir.1989) (citations omitted), cert. denied, 506 U.S. 958 (1992). We review de novo the question of whether the trial court's instructions "adequately cover that defense theory." United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990).
 
 
 7
 Although the court did not single out Naholowaa (or any other witnesses) by name, it gave general plea bargain and accomplice instructions that properly admonished the jury to consider such testimony with greater caution than that of an ordinary witness. There is no requirement that instructions identify witnesses who enter into plea bargains or who may be accomplices by name, and Viloria was able to argue to the jury that Naholowaa's testimony should be scrutinized more carefully for both reasons.
 
 
 8
 Viloria further submits that the plea bargain instruction only related to Manibusan and Olandez since it pertained only to those testifying under territorial plea agreements, whereas Naholowaa's agreement was with the federal government. Even though the instruction did indicate that "the Government of Guam called as its witnesses, more than one person with whom the People had entered into a plea agreement," it did not exclude agreements with the federal government and the court's explanation for the admonition itself was broadly phrased to apply to "a witness who hopes to gain more favorable treatment in his or own cause." Naholowaa admitted at trial that he had a plea agreement, and his lawyer testified that he contemplated more lenient federal sentencing in exchange for Naholowaa's testimony at Viloria's trial. Thus, the evidence fit the cautionary instruction that "a witness who hopes to gain more favorable treatment in his or her own cause may have a reason to make a false statement because he wants to strike a good bargain with the government. So while a witness of that kind may be entirely truthful about testifying, you should consider his testimony with more caution than the testimony of any other witness." Viloria argued in closing that Naholowaa stood to benefit from testifying; and the prosecutor never argued that Naholowaa's testimony should not be viewed with greater caution just because he didn't have a plea agreement with Guam (as compared with the United States).[1] Accordingly, while there is no question that the instruction could have been more artfully phrased, we do not believe that failing to instruct that Naholowaa testified as a result of an agreement with the U.S. Attorney is reversible error.
 
 III
 
 9
 and
 
 
 10
 Viloria claims that under the Guam speedy trial statute, 8 Guam Code Ann. § 80.60, the People of the Territory of Guam were required to retry him within forty-five days of the issuance of the Ninth Circuit's March 11, 1993 mandate, which reversed a prior conviction. We cannot agree. The Guam statute pertains only to the time period following arraignment; it says nothing about the time period following a reversal on appeal that orders a new trial. We will not read additional conditions into the Guam statute where the plain language is clear. See People of Territory of Guam v. Iglesias, 839 F.2d 628, 629 (9th Cir.1988); People of Territory of Guam v. Borja, 732 F.2d 733, 736 (9th Cir.), cert. denied, 469 U.S. 919 (1984).
 
 B
 
 11
 Viloria also contends that his Sixth Amendment right to a speedy trial was violated by the thirteen month delay between the March 1993 issuance of the Ninth Circuit's mandate and his indictment in April 1994. We review Viloria's speedy trial claim de novo. United States v. Manning, 56 F.3d 1188, 1193 (9th Cir.1995).
 
 
 12
 A Sixth Amendment speedy trial claim is measured by the four-factor test established by the Supreme Court in Barker v. Wingo: (1) length of delay; (2) reason for delay; (3) the defendant's assertion of his right; and (4) prejudice. 407 U.S. 514, 530 (1972). None of these factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." Id. at 533. In Viloria's case, these factors, considered together, do not amount to a speedy trial violation.
 
 
 13
 Here, seven months of the thirteen-month delay were attributable to a valid reason: The People of Guam filed a petition for certiorari with the United States Supreme Court that was not denied until October 4, 1993. Cf. United States v. Layton, 855 F.2d 1388, 1412 (9th Cir.1988) (excusing delay resulting from government's interlocutory appeal), cert. denied, 489 U.S. 1046 (1989). Furthermore, Viloria did not assert his speedy trial right until December 1993, two months after the denial of certiorari. Another six weeks of delay is attributable to Viloria's own efforts to dismiss the original indictment.
 
 
 14
 Finally, Viloria's claim that his defense was impaired on account of an alleged memory loss suffered between his second and third trials by a key alibi witness, his ex-wife, Gloria Reyes, lacks force because the trial judge (after an evidentiary hearing) found that Reyes "did not believe her testimony during the second trial was true because she could not honestly remember the events she testified to. Mrs. Reyes very emotionally told the Court that she testified at the second trial because the defendant was the person who had 'made' her remember the events of that evening." When asked directly at the hearing if she believed her testimony at Viloria's second trial was true, Reyes responded, "No." In light of Reyes' testimony, Viloria was not prejudiced by the delay.
 
 IV
 
 15
 Viloria filed a motion to amend his excerpts of record to include this court's previous memorandum disposition reversing Viloria's conviction following his second trial. We deny the motion as unnecessary, as we notice our own decisions as a matter of course.
 
 
 16
 AFFIRMED.
 
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The prosecutor mainly argued that Naholowaa was motivated by redemption, but acknowledged in passing that Naholowaa could have seen a benefit from testifying, even though his agreement was with the U.S. Attorney