106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE Of The Territory of Guam, Plaintiff-Appellee,
v.
Daniel Lucien TURNER, Defendant-Appellant.
 No. 95-10422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Dec. 24, 1996.
As Amended on Denial of Rehearing Jan. 15, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges; TANNER,*** District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Daniel Lucien Turner appeals the district court appellate division's affirmance of his conviction by jury trial in Guam superior court for aggravated murder, burglary, robbery, and possession and use of a deadly weapon in the commission of a felony. His sole claim on appeal is that his counsel was ineffective in failing to raise a statutory speedy trial claim before the district court, following the superior court's rejection of that claim. The district court had jurisdiction under 48 U.S.C. § 1424-3(a) & (b). We have jurisdiction under 48 U.S.C. § 1424-3(c) and 28 U.S.C. § 1291, and we affirm.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, Turner must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of Turner's appeal would have been different. See Strickland v. Washington, 466 U.S. 668, 690, 694-95 (1984). "The customary procedure for claims of ineffective assistance of counsel in federal criminal trials is by collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Johnson, 820 F.2d 1065, 1074 (9th Cir.1987). Typically, habeas is a more appropriate route because the record on direct appeal "often lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995) (internal quotation omitted), cert. denied, 117 S.Ct. 135 (1996). However, in a case such as this, where the necessary facts are clear from the record and the result turns on a question of law, we may review de novo an ineffective assistance claim brought on direct appeal. See id.
 
 
 5
 We grant Turner's motion to supplement the record with Guam superior court pleadings on the speedy trial issue; however, we hold that Turner's ineffective assistance claim fails because he cannot show Strickland prejudice.
 
 
 6
 Turner claims that under the Guam speedy trial statute, 8 Guam Code Ann. § 80.60, the People of the Territory of Guam were required to retry him within forty-five days of the issuance of the Ninth Circuit's March 11, 1993 mandate, which reversed a prior conviction. However, the Guam statute pertains only to the time period following arraignment; it says nothing about the time period following a reversal on appeal, ordering a new trial. We will not read additional conditions into the Guam statute where the plain language is clear. See People of Territory of Guam v. Iglesias, 839 F.2d 628, 629 (9th Cir.1988); People of Territory of Guam v. Borja, 732 F.2d 733, 736 (9th Cir.), cert. denied, 469 U.S. 919 (1984).[1]
 
 
 7
 Because Turner has no valid statutory speedy trial claim,[2] there was no prejudice from his counsel's failure to reassert that losing claim on appeal to the district court. Consequently, Turner cannot demonstrate Strickland error, and his ineffective assistance claim fails as a matter of law.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline Turner's invitation to expand the scope of the Guam statute by applying California law, as the Guam statute is clear on its face. Even assuming California law applied, and compelled us to conclude that § 80.60's forty-five-day limit pertained to the period following the issuance of the Ninth Circuit's mandate ordering a new trial, Turner still could not prevail: He has demonstrated no prejudice to his defense, which is essential when making a post-conviction speedy trial claim. See People v. Johnson, 162 Cal.Rptr. 431, 442 (1980). We also reject as without merit Turner's argument that the Equal Protection Clause 'mandates' applying the 45-day time limit to the instant case. The statute as enacted by the legislature satisfies rational basis analysis
 
 
 [2]
 Turner has not raised a Sixth Amendment speedy trial claim on appeal. Nor has he claimed any prejudice to his defense as a result of the delay between the issuance of the Ninth Circuit's mandate and his retrial by The People of Guam. See Barker v. Wingo, 407 U.S. 514 (1972)