**PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee**

v.

**Samuel C. SNAER, Defendant-Appellant.**

No. 84–1198.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1984.

Decided April 25, 1985.

As Amended June 28, 1985.

Richard Opper, Thomas Lannen, Agana, Guam, for plaintiff-appellee.

Howard G. Trapp, Trapp & Untalan, Agana, Guam, for defendant-appellant.

Before CHOY, Senior Circuit Judge, CANBY and NORRIS, Circuit Judges.

CHOY, Senior Circuit Judge:

Defendant, Samuel C. Snaer, was convicted in the Superior Court of Guam of aggravated assault and possession and use of a deadly weapon during the commission of a felony. He was sentenced to seven years in the Guam Penitentiary for the aggravated assault charge, and to another seven years to be served consecutively for the deadly weapon conviction, with an additional three year special parole requirement and ineligibility for parole, probation, or work release for the first five years on the latter charge.

Prior to trial, Snaer unsuccessfully sought to suppress written statements he had made to police and to dismiss the deadly weapon charge. At trial, Snaer's statements were admitted into evidence over timely objection. Snaer's convictions were affirmed by the Appellate Division of the District Court of Guam. Snaer now appeals to this court arguing as he did below that 1) his convictions should be reversed because prior to his making of the written statements he was not adequately informed of his right to consult with and have a lawyer, retained or appointed, present *prior* to questioning, and that 2) the deadly weapon charge could not properly be tacked on to the offense of aggravated assault because the latter offense itself involves enhancement of punishment where a deadly weapon is used.

Before making the incriminating statements, Snaer executed and had read to him Guam's custodial interrogation warning form which reads as follows:

Before we ask you any questions, you must understand your rights.

You have the right to remain silent. You do not have to talk to me unless you want to do so.

If you do want to talk to me, I must advice(sic) you that whatever you say can and will be used as evidence against you in court.

You have a right to consult with a lawyer and to have a lawyer present with you while you are being questioned.

If you want a lawyer but are unable to pay for one, a lawyer will be appointed to represent you free of any cost to you. Knowing these rights, do you want to talk to me without having a lawyer present? You may stop talking to me at any time and you may also demand a lawyer at any time.

## I. *Adequacy of the* Miranda *Warning* [1]

This court has made clear that a suspect must be informed that he has the right to

have counsel present *during* questioning. *United States v. Noti,* 731 F.2d 610, 614–15 (9th Cir.1984). The Guam form indisputably meets that requirement in its paragraphs four and six. Snaer contends, however, that he must also be informed that he has the right to consult with an attorney *before* questioning, and that the Guam form failed to notify him of that right.

There are no cases that satisfactorily address or resolve this issue. The Supreme Court in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), although making clear that one does have the right to consult with counsel before questioning, *see id.* at 470, 86 S.Ct. at 1625, is ambiguous as to how explicitly the person must be *warned* of that right. *See, e.g.,* 384 U.S. at 471, 86 S.Ct. at 1626 ("an individual ... must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation"); *id.* at 479, 86 S.Ct. at 1630 ("He must be warned ... that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.").

The Ninth Circuit, when it addressed in *Noti* the very different requirement that one be warned of his right to counsel *during* questioning, implicitly assumed and suggested that one must also be warned of his right to consult with an attorney *before* questioning. *Noti,* 731 F.2d at 614–15. Similarly, in *Smith v. Rhay,* 419 F.2d 160 (9th Cir.1969), this court declared that, "[a]lthough Smith was told that he had the right to an attorney, he was not ... told, as required by *Miranda,* ... that ... a lawyer could ... represent him *prior to any questioning."* 419 F.2d at 163 & n. 1 (emphasis added by the court). However, in neither of the above cases is there any indication as to how explicit the warning must be.

---

**1.** We review the adequacy of the *Miranda* warning de novo. *United States v. Noti,* 731 F.2d 610, 614 (9th Cir. 1984). *Accord United States v. McConney,* 728 F.2d 1195, 1202 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984) ("If ... the question requires

us to consider legal concepts in the mix of fact and law and to exercise judgment about the values that animate legal principles, then the concerns of judicial administration will favor the appellate court, and the question should be classified as one of law and reviewed de novo.").

Indeed, *"Miranda* itself indicated that no talismanic incantation was required to satisfy its strictures." *California v. Prysock,* 453 U.S. 355, 359, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696 (1981) (per curiam). "If a defendant has been told the substance of his constitutional rights, it is not fatal if irrelevant words or words with no independent substance are omitted." *Noti,* 731 F.2d at 614–15. In sum, although it appears that our court requires that police make known to the suspect his right to consult with counsel prior to questioning, this court must decide as a matter of first impression just how specific and clear the warning must be.

■ Unlike the warnings given in many cases, the Guam form does not expressly state that one has the right to consult with a lawyer *"before* questioning" or *"prior* to questioning."* However, paragraph four does state that "[y]ou have a right to consult with a lawyer and to have a lawyer present with you while you are being questioned." We believe that the first part of that sentence read in the context of the latter half of the sentence does adequately convey notice of the right to consult with an attorney before questioning.[2]

The right to consult with an attorney *before* questioning is significant because counsel can advise the client whether to exercise his right to remain completely silent, or, if he chooses to speak, which questions to answer or how to answer them. Thus, it is extremely important that a defendant be adequately warned of this right. *Cf. Noti,* 731 F.2d at 615 (considering the value of the right to counsel *during* questioning). While we conclude that Guam's custodial interrogation warning form meets the minimum requirements of the Constitution, it would not be amiss for Guam to revise its form to more clearly warn of the right to consult with counsel before ques-

tioning.[3] Such a revision would, in accordance with the objectives of *Miranda,* help insure that all persons making statements are fully aware of their rights.

## II. *Propriety of Tacking on the Deadly Weapon Charge*

■ Snaer was indicted for and convicted of violating subsection (a)(1) of Guam's aggravated assault law, 9 Guam Code Ann. § 19.20, which reads:

(a) A person is guilty of aggravated assault if he either recklessly causes or attempts to cause:

(1) serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life;

(2) serious bodily injury to another; or

(3) bodily injury to another with a deadly weapon.

(b) Aggravated assault under Paragraph (1) of Subsection (a) is a felony of the second degree; aggravated assualt(sic) under Paragraphs (2) or (3) or(sic) Subsection (a) is a felony of the third degree.

Snaer was also convicted of violating 9 Guam Code Ann. § 80.37 which imposes an additional punishment on those who use a deadly weapon in the commission of a felony. It reads:

Whoever unlawfully possesses or uses a deadly weapon in the commission of a felony ... shall, in addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years.... The term required to be imposed by this Section shall not run concurrently with any term of imprisonment imposed for the commission of any other felony.

Snaer contends that because Guam's aggravated assault law already "enhances" the penalty where a deadly weapon is used,

---

**2.** The form states, in paragraph six, that "you may also demand a lawyer at any time." While this clause might suggest a right to consult with an attorney *before* questioning, it could also be reasonably interpreted in the context of paragraph four and the rest of paragraph six to refer only to the right to have a lawyer present *during* questioning. *Cf. Atwell v. United States,* 398

F.2d 507, 510 (5th Cir.1968) (a warning that one can consult with an attorney at "anytime" is ambiguous).

**3.** For example, the mere addition of the words "before questioning" after the words "consult with a lawyer" in paragraph four would suffice.

*see* § 19.20(a)(3), it is improper to apply the separate § 80.37 deadly weapon provision to further increase the penalty.

Under *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the rule is that where the same act violates two statutory provisions, the test to determine whether there are two offenses or only one is "whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. Contrary to the Appellate Division's holding, the statutes *fail* the *Blockburger* test because to prove a violation of § 80.37 requires proof of an underlying felony, which in this case is the § 19.20(a)(1) offense. That is, § 19.20(a)(1) is, for the purposes of this particular case, a lesser included offense of § 80.37. It is true that other felonies can also bring one under § 80.37, but that does not change the above conclusion. *See Whalen v. United States,* 445 U.S. 684, 694, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980).

Most importantly, however, the *Blockburger* test is merely a rule of statutory construction, *see Whalen,* 445 U.S. at 691, 100 S.Ct. at 1437, which holds that "where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent."* *Whalen,* 445 U.S. at 692, 100 S.Ct. at 1438 (emphasis added). With respect to cumulative sentences imposed in a single trial, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *see also Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981).

Guam has clearly indicated its desire to impose cumulative sanctions on those who use deadly weapons in the commission of felonies. Indeed, Guam's purpose in enacting § 80.37 was specifically to impose a penalty that would be in addition to the punishment for the underlying felony. *See*

*People of Territory of Guam v. Borja,* 732 F.2d 733, 736 (9th Cir.), *cert. denied, —— U.S. ——,* 105 S.Ct. 300, 83 L.Ed.2d 235 (1984). Thus, the *Blockburger* test is not at all helpful nor determinative in this context.

Snaer argues, however, that Guam could not have intended to impose the additional punishment when the underlying felony is *aggravated assault,* a felony which already includes a "deadly weapon" element. This contention is without merit. Snaer's aggravated assault conviction was *not* based on § 19.20(a)(3), the deadly weapon version of aggravated assault, but rather on § 19.-20(a)(1), which condemns the reckless causing of *serious* bodily injury in circumstances manifesting extreme indifference to human life. Use of a deadly weapon is simply not an element of a § 19.20(a)(1) offense. Nothing suggests that because Guam chose to impose a harsher felony punishment upon those who inflict *serious* bodily injury, it would not wish to increase the penalty even further when that person uses a *deadly weapon.*

AFFIRMED.

NORRIS, Circuit Judge, dissenting:

As Justice O'Connor recently stated, "The standard *Miranda* warnings explicitly inform the suspect of his right to consult a lawyer before speaking." *Oregon v. Elstad, —— U.S. ——,* 105 S.Ct. 1285, 1297, 84 L.Ed.2d 222 (1985). The majority here admits that the right to consult with an attorney *before* questioning is significant, but it holds that the defendant here was properly informed of his *Miranda* rights, although not explicitly.

We have observed that it is a simple matter for the police to avoid allegations of error in *Miranda* warnings by reading the defendant his rights from a prepared form. *United States v. Noti,* 731 F.2d 610, 614–15 (9th Cir.1984). "Although we do not require such a reading, we encourage it." *Id.* at 615. Since we encourage the use of prepared forms, I think we must scrutinize the language in such forms more closely than we would an extemporaneous warning.

The majority has found that Guam's standard *Miranda* warning, although not explicit, satisfies our minimum requirements. I am afraid that such a rule may provide a disincentive for doing what the majority commendably tries to encourage Guam to do—that is, revise its custodial interrogation warning form to "explicitly inform the suspect of his right to consult a lawyer before speaking." *Elstad,* —— U.S. ——, 105 S.Ct. at 1297.