54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose SANCHEZ-MONTOYA, Defendant-Appellant.
 No. 94-30225.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided May 17, 1995.
 
 Before: BROWNING, REAVLEY*, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Sanchez-Montoya appeals his conviction for cocaine possession and illegal reentry into the United States. We AFFIRM.
 
 
 3
 * Sanchez-Montoya argues that Operation Round #1 violated the Fourth Amendment because it was done without prior judicial authorization. Prior judicial approval is not necessary when the action taken by the police involves neither a search nor a seizure within the meaning of the Fourth Amendment.[1] Operation Round #1 involved a large number of law enforcement officers dispersing into the Old Town area of Portland to make undercover drug purchases. The undercover purchase of illegal narcotics constitutes neither a search nor a seizure. See Maryland v. Macon, 472 U.S. 463, 469-70 (1985) (undercover purchase of obscene material not a search). Accordingly, the police were free to undertake this operation without a warrant.
 
 
 4
 Sanchez-Montoya also argues that stops made to execute arrest warrants on October 29, 1993 were based solely on Hispanic appearance, in violation of the Fourth Amendment. This claim is without merit. First, he does not have standing to raise the Fourth Amendment claims of others. See, e.g., Rakas v. Illinois, 439 U.S. 128, 133 (1978); United States v. Kinsey, 843 F.2d 383, 389 (9th Cir.), cert. denied, 487 U.S. 1223 (1988). Second, Sanchez-Montoya was stopped because he was subject to an arrest warrant in the police officer's possession and because the undercover agent to whom he had sold cocaine identified him for the officer.[2] Once the police had identified Sanchez-Montoya, the arrest, with a warrant and in a public place, complied with the requirements of the Fourth Amendment. See Payton v. New York, 445 U.S. 573, 603 (1980).
 
 II
 
 5
 Sanchez-Montoya argues that the Miranda warnings he was given were constitutionally inadequate because they did not adequately convey that he had a right to a lawyer before as well as during questioning. Although Miranda requires that a suspect be informed that the right to counsel includes the right to counsel before any questioning begins, Smith v. Rhay, 419 F.2d 160, 163 (9th Cir. 1969), warnings that prompt a logical inference to this effect are adequate.
 
 
 6
 The warnings here, which informed Sanchez-Montoya that he had "the right to talk to a lawyer and have him present while you are being questioned," survive this standard. See Guam v. Snaer, 758 F.2d 1341, 1343 (9th Cir.) (concluding that "you have a right to consult with a lawyer and to have a lawyer present with you while you are being questioned" informed suspect of right to counsel prior to questioning), cert. denied, 758 F.2d 1341 (1985).
 
 
 7
 Sanchez-Montoya also claims that he was not given adequate notice that his right to appointed counsel included the right to consult with counsel prior to questioning. This argument is foreclosed by United States v. Connell, 869 F.2d 1349 (9th Cir. 1989), which held that
 
 
 8
 otherwise unobjectionable Miranda warnings will not be found inadequate simply because they fail explicitly to state that an individual's right to appointed counsel encompasses the right to have that counsel present prior to and during questioning. Rather, where individuals have been separately advised both of their right to counsel before and during questioning and of their right to appointed counsel, reviewing courts will assume that a logical inference has been made -- that is, that appointed counsel is available throughout the interrogation process.
 
 
 9
 Id. at 1351-52; see also United States v. Noa, 443 F.2d 144, 146 (9th Cir. 1971) (rejecting same claim because "the reference to the right to appointed counsel immediately followed the reference to the right to consult with an attorney before and during questioning").
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The cases cited by Sanchez-Montoya are inapposite because they consider not whether a warrant may be required even though no search takes places, but whether the warrant requirement might be dispensed with notwithstanding any such intrusion. See, e.g., Almeida-Sanchez v. United States, 413 U.S. 266, 284 (1973) (considering whether warrants are necessary for non-border area searches); National Treasury Employees Union v. Von Raab, 489 U.S. 656, 665-66 (1989) (considering whether, given that employee drug testing effected a clear intrusion into individuals' expectations of privacy, the government had special needs that justified dispensing with the warrant requirement); see also Camara v. Municipal Court of San Francisco, 387 U.S. 523, 533 (1967) (considering whether to create an exception to the warrant requirement for certain searches where the burden of obtaining a warrant would frustrate the governmental purpose behind the searches). Sanchez-Montoya also cites a variety of cases holding that race or ethnicity may not be used as a predictor of illegal conduct. See, e.g., Gonzalez-Rivera v. INS, 22 F.3d 1441, 1449 (9th Cir. 1994). Again, this limitation on police conduct becomes relevant only once a Fourth Amendment intrusion has been committed
 
 
 [2]
 The district court made these findings at the hearing on Sanchez-Montoya's motion to suppress and we do not believe they are clearly erroneous. See United States v. McConney, 728 F.2d 1195 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984)