**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,

**v.**

Francisco L. **Kaipat,**
Defendant/Appellant.
Appeal No. 94-052
Criminal Case No. 94-0086
October 23, 1995

---

300

Submitted on Briefs September 29, 1995[*]

Counsel for appellant: Theodore S. Christopher, Assistant Public Defender, Saipan.

Counsel for appellee: Loren Sutton, Assistant Attorney General, Saipan.

BEFORE: VILLAGOMEZ and ATALIG, Justices, and KOSACK, Special Judge.

ATALIG, Justice:

Francisco L. Kaipat ("Kaipat") appeals from his conviction for assault and battery. This Court has jurisdiction pursuant to 1 CMC § 3102(a). We affirm on other grounds.

## ISSUES PRESENTED AND STANDARDS OF REVIEW

The two issues raised on appeal are:
1. Whether the trial court erred by declining to instruct the jury on assault as a lesser included offense of assault with a dangerous weapon.

---

[*] The panel unanimously agrees that this case is appropriate for submission without oral argument. *See* Com. R. App. P. 34(a).

301

2. Whether the trial court erred by admitting into evidence Kaipat's statement that he had been intoxicated.

■ The failure to allow jury instructions on a lesser included offense is reviewed for an abuse of discretion. *United States v. Gutierrez*, 990 F.2d 472, 477 (9th Cir. 1993).

■ Because Kaipat's objection to the court's admission of his statement goes to the adequacy of the warnings he received under *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694, 706-07 (1966), we review the admission de novo. *Commonwealth v. Cabrera*, 4 N.M.I. 240, 244 (1995); *People of Territory of Guam v. Snaer*, 758 F.2d 1341, 1342 n.1 (9th Cir.), *cert. denied*, 474 U.S. 828, 106 S. Ct. 90, 88 L. Ed. 2d 74 (1985).

## FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 1994, Kaipat confronted A.T.M. Mossaffour Hossain ("Hossain") at a dock in Lower Base, Saipan. Hossain testified that Kaipat struck his hand with an axe, in an attempt to cut off his finger.[1] Kaipat was arrested on the same day for assault with a dangerous weapon. Police officers from the Department of Public Safety ("DPS") retrieved an axe from the scene. *See* Transcript of Proceedings at 115-19 (testimony of Officer Jose A. Cepeda).

At the time of his arrest, Kaipat was read his rights under *Miranda, supra*. The next day, June 29, 1994, Kaipat was charged, by information, with two counts of assault with a dangerous weapon in violation of 6 CMC § 1204(a). The first count charged assault with a rifle, the second count assault with an axe.[2]

Kaipat was questioned by Officer Joseph H. Aldan ("Aldan"). Prior to questioning, Aldan again read Kaipat his *Miranda* rights from a local constitutional rights form ("form"). Kaipat signed the form and agreed to an interview by Aldan.[3] One of the questions Aldan then asked Kaipat was: "Do you remember seeing or meeting with Hossain yesterday evening, June 28, 1994?" Kaipat responded: "I think I saw him when we came in from

fishing, I am not sure. I don't remember because I was drunk." Statement of Kaipat *in* Appellant's Excerpts of Record at 9.

On October 4, 1994, Kaipat moved to suppress his statement to Aldan, contending that the form was insufficient under *Miranda*. This motion was denied. The court concluded that Kaipat had voluntarily, knowingly and intelligently waived his right under *Miranda* to remain silent, based on the form. The court also rejected Kaipat's request that the jury be instructed on assault as a lesser included offense of assault with a dangerous weapon, to wit an ax, reflected in Count II. The court concluded that the former is not an element of the latter. The court did, however, include in the instructions assault and battery, under 6 CMC § 1202(a), as a lesser included offense under Count II.

On November 8, 1994, a jury found Kaipat not guilty on Count I, but found him guilty on Count II of the lesser included offense of assault and battery. The trial court issued a "Judgment and Probation/Commitment Order" on December 21, 1994. Kaipat timely appealed.

## ANALYSIS

Kaipat argues that the trial court erred in determining that assault, under 6 CMC § 1201(a),[4] is not a lesser included offense of assault with a dangerous weapon, under 6 CMC § 1204(a),[5] and in failing to submit an instruction on that offense to the jury. He also contends that section six of the form employed by DPS[6] is deficient under *Miranda* in that it fails to adequately apprise

---

[1] Transcript of Proceedings at 55-56 (testimony of A.T.M. Mossaffour Hossain).

[2] The information was amended on October 4, 1994, to reflect additional punishment statutes.

[3] *See Commonwealth v. Kaipat*, Crim. Case No. 94-0086 (N.M.I. Super. Ct. Oct. 4, 1994) (order).

[4] "A person commits the offense of assault if the person unlawfully offers or attempts, with force or violence, to strike, beat, wound, or to do bodily harm to another." 6 CMC § 1201(a).

[5] "A person commits the offense of assault with a dangerous weapon if he or she threatens to cause, attempts to cause, or purposely causes bodily injury to another with a dangerous weapon." 6 CMC § 1204(a).

[6] "You have a right to consult with a lawyer and to have a lawyer present with you while you are being questioned. You may stop talking to me at any time and demand a lawyer at any time." "Your Constitutional Rights" *in* Appellant's Excerpts of Record at 12.

an accused of his or her right to counsel before being questioned. As such, he argues that the court erred in admitting Kaipat's statement that he was intoxicated.[7]

We agree with Kaipat's contention that assault is a lesser included offense of assault with a dangerous weapon. However, we hold that, in light of the evidence, the court did not abuse its discretion in failing to submit to the jury an instruction on assault. We also hold that the court did not err in admitting Kaipat's statement into evidence.

## I. Lesser Included Offense

■■■■■■ Discretion in formulating jury instructions lies with the trial court as "long as the instructions fairly and adequately cover the issues presented." *Gutierrez*, 990 F.2d at 477; *cf. Commonwealth v. Esteves*, 3 N.M.I. 447, 454 (1993). Whether a court has abused its discretion in failing to submit instructions on a lesser included offense[8] involves a two-step inquiry. *Guiterrez*, 990 F.2d at 477.

First, we must determine if the offense requested in the instruction is a lesser included offense of the charged offense. *Id.*; *see also United States v. Nichols*, 9 F.3d 1420,1421 (9th Cir. 1993). An offense is a lesser included offense if its elements "are a subset of the charged offense." *United States v. Sneezer*, 983 F.2d 920, 923 (9th Cir. 1992), *cert. denied*, 510 U.S. ___, 114 S. Ct. 113, 126 L. Ed. 2d 79 (1993).[9] This determi

nation is accomplished by a textual comparison of the pertinent statutes. *Id.*[10]

If the offense is a lesser included offense, we then look to see if the defendant has demonstrated "that a rational jury could find the defendant guilty of the lesser included offense but not the greater." *Guiterrez*, 990 F.2d at 477. *See Keeble v. United States*, 412 U.S. 205, 208, 93 S. Ct. 1993, 1995, 36 L. Ed. 2d 844, 847 (1973). For this to be shown, the instruction, viewed "in the context of the entire trial," *United States v. Pedroni*, 958 F.2d 262, 268 (9th Cir. 1992), must have "some foundation in the evidence." *Guiterrez*, 990 F.2d at 477.[11]

### A. Assault a Lesser Included Offense of Assault with a Dangerous Weapon

■■■■■ Assault with a dangerous weapon is an offense which has alternative elements and, hence, may be committed in multiple ways. For example, it may be committed either with or without injury to another person. *See* 6 CMC § 1204(a) (quoted *supra* note 5). As a result, whether any given offense is a lesser included offense of assault with a dangerous weapon depends upon whether its elements are a subset of any one set of the alternative elements of assault with a dangerous weapon.

■■■■■ A textual comparison of the pertinent statutes shows that *both* assault and assault and battery, the latter of which involves harm, the former of which does not, are alternative lesser included offenses of assault with a dangerous weapon. *Compare* 6 CMC § 1202(a)[12] *with* 6 CMC § 1201(a) (quoted *supra* note 4). Each of these charges contains a dispositive set of elements which is a subset of one of the alternative sets of elements of assault with a dangerous weapon. In other words, assault may occur where one person attempts to do bodily harm to another, whereas assault and battery occurs where a person does bodily harm to another. Add to either of

---

[7] While Kaipat attempts to frame the issue of the sufficiency of the local constitutional rights form ("form") as a constitutional issue, his arguments both on appeal and below go not to whether Kaipat's statements were coerced under the Fifth Amendment to the U.S. Constitution but, rather, to whether or not Kaipat voluntarily, knowingly and intelligently waived the warnings under *Miranda*. For a discussion of the difference between the two issues, see generally *Commonwealth v. Cabrera*, 4 N.M.I. 240, 252-53 (1995) (Atalig, J., dissenting). Because Kaipat does not allege that his statements were involuntary under the Fifth Amendment, we review the adequacy of the form only under *Miranda*.

[8] Pursuant to Com. R. Crim. P. 31(c), a "defendant may be found guilty of an offense necessarily included in the offense charged." Federal courts interpreting the identical Fed. R. Crim. P. 31(c) have held that this rule provides, in certain instances, the right of a defendant to a jury instruction on a lesser included offense. *See, e.g., Keeble v. United States*, 412 U.S. 205, 93 S. Ct. 1993, 36 L. Ed. 2d 844 (1973).

[9] *See also Schmuck v. United States*, 489 U.S. 705, 716-21, 109 S. Ct. 1443, 1450-53, 103 L. Ed. 734, 746-49 (1989) (employing "elements" test) (quoted in *United States v. Nichols*,

---

9 F.3d 1420, 1421 (9th Cir. 1993).

[10] We review this step in our inquiry de novo. *Nichols*, 9 F.3d at 1421.

[11] This second determination is subject to an abuse of discretion standard. *Id.*; *see also* issues presented and standard of review, *supra*.

[12] "A person commits the offense of assault and battery if the person unlawfully strikes, beats, wounds, or otherwise does bodily harm to another." 6 CMC § 1202(a).

these charges the elements of the use of a dangerous weapon and you have the charge of assault with a dangerous weapon.

■ The government correctly points out that there is some additional language in the statutory definition of assault. For example, the term "force or violence" is employed in the definition of assault but not in that of assault with a dangerous weapon. *Compare* 6 CMC § 1201(a) *with* 6 CMC § 1204(a). We are not persuaded, however that because the language employed in the two statutes is not exactly the same that assault cannot be a lesser included offense of assault with a dangerous weapon. We are to view these statutory provisions with an aim "to effect the plain meaning of [their] object." 6 CMC § 104(d). In doing so, we construe assault as a lesser included offense of assault with a dangerous weapon. This conclusion is consistent with the general view. *See, e.g., Greenfield v. United States*, 341 F.2d 411, 412 (D.C. Cir. 1964); *cf. United States v. Johnson*, 637 F.2d 1224, 1234 n.13 and accompanying text (9th Cir. 1980) (noting "classic" examples of lesser included and greater offenses).

### B. Submission of Instructions on Assault Not Warranted Under the Evidence

■ As noted previously, there were two lesser included offenses of assault with a dangerous weapon which could have been submitted to the jury: assault, and assault and battery. Kaipat essentially contends that the jury should have been able to choose between these as alternative lesser included offenses under Count II. However, he fails to identify a sufficient factual basis for an assault instruction which would justify its submission to the jury. Indeed, Kaipat's argument that a rational jury would find him guilty of assault and not assault with a dangerous weapon is inconsistent with the evidence presented before the court.

There need not be direct evidence for a conviction on a charge of assault with a dangerous weapon. Circumstantial evidence is sufficient. *See Commonwealth v. Kaniki*, 2 N.M.I. 353, 357-59 (1991).[13] Here, there is undisputed evidence in the record that Hossain received a deep cut to his hand, that his finger was fractured and a tendon in the finger was completely slashed. See Transcript of Proceedings at 107-108 (testimony of Dr. MacLeod). Further, there was testimony that these injuries to Hossain's hand were consistent with an axe wound. *Id.* at 110 (same). Finally, an axe was retrieved from the scene. See factual and procedural background, *supra.*

Under the circumstances of this case, we conclude that Kaipat has failed to show that a rational jury could find him guilty of assault and acquit him of assault with a dangerous weapon. As such, the court did not abuse its discretion in refusing to submit the requested assault instruction to the jury.

### II. Admission of Statement into Evidence

■ Kaipat contends that section six of the local rights form and waiver is insufficient under *Miranda* because it mentions only the right to counsel during questioning and not *before* questioning. We disagree.

The disputed portion of the warnings, section six, is identical to that given the accused in *Snaer. Compare Snaer*, 758 F.2d at 1342 ("You have a right to consult with a lawyer and to have a lawyer present with you while you are being questioned") *with* "Your Constitutional Rights" *in* Appellant's Excerpts of Record at 12. The Ninth Circuit deemed this same warning, in *Snaer*, to be sufficient under *Miranda* in that "read in the context of the latter half of the sentence[, it] does adequately convey notice of the right to consult with an attorney before questioning." *Snaer*, 758 F.2d at 1343. We agree, and decline to follow the dissenting *Snaer* opinion, as urged by Kaipat.

### CONCLUSION

Based on the foregoing, we hereby **AFFIRM** on other grounds the December 21, 1994, trial court "Judgment and Probation/Commitment Order" regarding Francisco L. Kaipat.

---

[13] In *Kaniki*, this Court upheld a conviction for assault with a dangerous weapon even though there was no direct testimony that a knife was seen in the hands of the defendant. The court held that it could be proven by the nature of the wound, and concluded that under the circumstances, "it was reasonable to infer from the nature of the wound . . . that [the victim] had been stabbed with a dangerous weapon." *Commonwealth v. Kaniki*, 2 N.M.I. 353, 358-59 (1991).

**United Enterprises, Inc.,**
Doing Business as
United Travel Agency,
Plaintiff/Counter-
Defendant/Appellant,
v.