91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COMMONWEALTH OF the NORTHERN MARIANA ISLANDS, Plaintiff-Appellee,
v.
Francisco L. KAIPAT, Defendant-Appellant.
 No. 96-10047.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1996.*
Decided July 11, 1996.
 
 Before: WOOD,** CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Francisco L. Kaipat appeals his conviction of assault and battery in violation of Section 1202(a), Title 6 of the Code of the Commonwealth of the Northern Mariana Islands. We affirm.
 
 I.
 
 3
 Because the parties are familiar with the underlying facts of this case, we will not repeat them.
 
 II.
 
 4
 The jury acquitted Kaipat of Count Two, assault with a dangerous weapon (an axe),[1] but convicted Kaipat of the lesser included offense of assault and battery.[2] Kaipat argues that the jury instructions for Count Two should have included a lesser included offense of assault.[3] He argues that the trial court's failure to instruct the jury on assault deprived him of due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution.
 
 
 5
 In determining whether a defendant is entitled to an instruction on a lesser included offense, we apply a two-prong test:
 
 
 6
 A defendant is entitled to an instruction on a lesser included offense if: (1) the offense on which the instruction is sought is a lesser included offense of the offense charged and (2) the jury rationally could conclude that the defendant was guilty of the lesser included offense but not the greater. We consider the first requirement de novo and review the district court's resolution of the second for abuse of discretion.
 
 
 7
 United States v. Nichols, 9 F.3d 1420, 1421 (9th Cir.1993) (citations and internal quotes omitted).
 
 
 8
 We conclude that the jury could not have rationally concluded that Kaipat was guilty of assault but not assault and battery. At trial the victim testified that Kaipat struck the victim's finger with an axe. Evidence introduced at trial indicated that the victim's finger was injured. Kaipat attempted to demonstrate that his friend, who also was present at the time the victim's finger was injured, may have been the one who injured the victim's finger with the axe. The evidence did not support his theory. Nothing in the record reasonably suggests that the jury rationally could have concluded that Kaipat is guilty of an assault other than the assault and battery that injured the victim's finger.
 
 
 9
 Kaipat argues that because the victim said that Kaipat "tried to cut my hand," the jury could have concluded Kaipat is guilty of assault. The victim made this statement, however, in the context of describing how Kaipat swung the axe, hitting his finger. The record provides no evidence of conduct on Kaipat's part that a jury rationally could have concluded is assault but not assault and battery.
 
 
 10
 Because Kaipat has failed to meet the second prong of the test, we need not address the first prong. Moreover, because we conclude that Kaipat was not entitled to an instruction on assault, we need not discuss whether there would have been a due process violation if the evidence had supported such an instruction.
 
 III.
 
 11
 Kaipat was arrested and later read an advisement-of-rights form, which advised him of his right to counsel. He contends that this form inadequately informed him of his right to consult with counsel before questioning by the police. We addressed this issue in Guam v. Snaer, 758 F.2d 1341 (9th Cir.), cert. denied, 474 U.S. 828 (1985), in which we held that a similar advisement-of-rights form[4] satisfied the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). Snaer, 758 F.2d at 1343. Kaipat urges us to overrule Snaer.[5]
 
 
 12
 Snaer is directly on point and is controlling in the case at bar. Absent intervening Supreme Court authority, and Kaipat has cited none, "one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel." United States v. Gay, 967 F.2d 322, 327 (9th Cir.), cert. denied, 506 U.S. 929 (1992). This court can overrule its prior cases only when sitting en banc.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 "A person commits the offense of assault with a dangerous weapon if he or she threatens to cause, attempts to cause, or purposely causes bodily injury to another with a dangerous weapon." 6 CMC § 1204(a)
 
 
 [2]
 "A person commits the offense of assault and battery if the person unlawfully strikes, beats, wounds, or otherwise does bodily harm to another ..." 6 CMC § 1202(a)
 
 
 [3]
 "A person commits the offense of assault if the person unlawfully offers or attempts, with force or violence, to strike, beat, wound, or to do bodily harm to another." 6 CMC § 1201(a)
 
 
 [4]
 The advisement of rights form in this case has several additional paragraphs that were not present in the form in Snaer, but Kaipat concedes that the additional language does not distinguish this form from the one in Snaer
 
 
 [5]
 The Court was notified of Kaipat's suggestion for an initial en banc hearing. No active judge requested a vote to hear the case initially en banc within the time allowed by GO 5.2a. The request was therefore denied