FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRES ORTEGA, AKA Andres
Alcaraz,

Defendant - Appellant.

No. 11-50244

D.C. No. 8:10-cr-00026-DSF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 11, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District
Judge.[**]

Andres Ortega Alcaraz ("Alcaraz") appeals his convictions for two counts of

possessing pseudoephedrine knowing or having reasonable cause to believe it will

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2), and one count of conspiring to do the same, in violation of 21 U.S.C. § 846.

1. The *Miranda* warning was not constitutionally deficient. The officer's warning "reasonably conveyed [Alcaraz's] right to have an attorney present . . . at all times." *Florida v. Powell*, 130 S. Ct. 1195, 1205 (2010); *see also Duckworth v. Eagan*, 492 U.S. 195, 203 (1989). The given warning was "sufficiently comprehensive and comprehensible when given a commonsense reading," *Powell*, 130 S. Ct. at 1205, and "nothing in the warning[] . . . suggested any limitation on the right to the presence of appointed counsel." *California v. Prysock*, 453 U.S. 355, 360-61 (1981) (per curiam). As in *People of the Territory of Guam v. Snaer*, 758 F.2d 1341 (9th Cir. 1985), the *Miranda* warning Alcaraz received "adequately convey[ed] notice of the right to consult with an attorney before questioning," even though it did not explicitly inform him of that right. *Id.* at 1342-43. In both *Snaer* and this case, the right to talk to a lawyer before questioning "[could] easily be inferred from the warnings actually given." *United States v. Connell*, 869 F.2d 1349, 1352 (9th Cir. 1989).

2. With respect to Alcaraz's assertion that he was entitled to a minor-role adjustment under U.S.S.G. § 3B1.2, "[t]he relevant comparison is between [Alcaraz's] conduct and that of . . . all actors who participated in [the] given

2

criminal scheme." *United States v. Rojas-Milan*, 234 F.3d 464, 473 (9th Cir. 2000). Nothing in the record suggests that Alcaraz was "substantially less culpable than the average participant" in the pseudoephedrine operation. U.S.S.G. § 3B1.2 comment 3(A). Alcaraz played a significant role in purchasing large quantities of pseudoephedrine over a long period of time, with the knowledge that it would be used to manufacture methamphetamine, and transported and compensated others to do the same.

Characterizing the relevant criminal scheme as a methamphetamine manufacturing and distribution operation does not assist Alcaraz. Given the critical importance of obtaining pseudoephedrine in such an operation, Alcaraz still played a significant role relative to the other participants. *See United States v. Rosas*, 615 F.3d 1058, 1067-68 (9th Cir. 2010).

Finally, we cannot disapprove of Alcaraz's sentence as substantively unreasonable. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Although the sentence is quite long for one of Alcaraz's criminal background and role, the record as a whole reflects that the district court gave "rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc). The district court also gave specific consideration to whether to disapprove the

Guidelines sentence for pseudoephedrine possession on policy grounds, but concluded that it did not disapprove of the Guidelines policy.  *See United States v. Henderson*, 649 F.3d 955, 963-64 (9th Cir. 2011); *see also Kimbrough v. United States*, 552 U.S. 85, 101-02 (2007).  The district court therefore did not abuse its discretion in imposing Alcaraz's 204-month, within-Guidelines sentence.

**AFFIRMED.**