**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellant*,

v.

LARRY LOUCIOUS,
            *Defendant-Appellee.*

No. 16-10121

D.C. No.
2:15-cr-00106-
JAD-CWH-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Filed February 7, 2017

Before: Ronald M. Gould, Richard R. Clifton,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Gould

# SUMMARY[*]

## Criminal Law

The panel reversed the district court's order suppressing the defendant's statements in a case in which the defendant argued that the *Miranda* warnings he received were constitutionally deficient because they did not tell him of his right to consult with an attorney before questioning.

Before the start of custodial interrogation, the defendant received warnings informing him he had the right to remain silent; he had the right to the presence of an attorney during questioning; and that if he could not afford an attorney, an attorney would be appointed before questioning. The panel explained that *Miranda* warnings need not follow a precise formulation, and held that the warnings given to the defendant adequately conveyed that he had the right to consult with an attorney before questioning even though they did not explicitly inform him of that right. The panel wrote that this right was reasonably to be inferred.

## COUNSEL

Elizabeth O. White (argued), Appellate Chief and Assistant United States Attorney; Daniel G. Bogden, United States Attorney; United States Attorney's Office, Reno, Nevada; for Plaintiff-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Wendi L. Overmyer (argued), Assistant Federal Public Defender; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Defendant-Appellee.

---

## OPINION

GOULD, Circuit Judge:

Before the start of a custodial interrogation, Defendant Larry Loucious received warnings informing him he had the right to remain silent; he had the right to the presence of an attorney during questioning; and that if he could not afford an attorney, an attorney would be appointed before questioning. Loucious moved to suppress the statements he made during the custodial interrogation, arguing that the *Miranda* warnings he received were constitutionally deficient because they did not tell him of his right to consult with an attorney before questioning. The district court granted the motion to suppress the statements, and the United States appealed. We conclude that *Miranda* warnings need not follow a precise formulation, and here the warnings reasonably conveyed that Loucious had the right to consult an attorney before questioning. So we reverse the district court's grant of the motion to suppress.

## I

On March 28, 2015, Officer Sherwood of the Las Vegas Metropolitan Police Department (LVMPD) stopped a vehicle for speeding. Defendant Larry Loucious was sitting in the back seat. Officer Sherwood smelled marijuana as he approached the driver's window. Yet, marijuana was not

found in the vehicle or on the driver and passengers. After learning that the vehicle's driver had outstanding arrest warrants, Officer Sherwood called for backup because he intended to arrest the driver and search the vehicle. While waiting for backup, Officer Sherwood obtained the passengers' identifications. Soon after, Officer Davis arrived on the scene to assist. Officer Sherwood gave Officer Davis the passengers' IDs so Officer Davis could run the records check. The check revealed that Loucious had an outstanding warrant for his arrest. Loucious and the driver were removed from the vehicle and placed under arrest.

Officer Sherwood then conducted a search of the vehicle and found a revolver in the back seat near where Loucious had been sitting. The officers obtained a search warrant, and Officer Costello—another officer at the scene—seized the firearm.

After the arrest, Officer Costello questioned Loucious. Before the custodial interrogation, Officer Costello read Loucious the following warnings:

> You understand you have the right to remain silent. You understand that anything you say can be used against you in a court of law. You have the right to the presence of an attorney during questioning and if you cannot afford an attorney, one will be appointed before questioning. Do you understand those rights?

After receiving the *Miranda* warnings, Loucious admitted that he touched the seized gun a few days earlier.

On April 14, 2015, a federal grand jury indicted Loucious for violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for possession of a firearm as a convicted felon.

Loucious filed motions to suppress the gun and the statements he made during the custodial interrogation. He disputed whether Officer Sherwood smelled marijuana and argued that even if Officer Sherwood had, the smell did not give probable cause to search the car. Loucious also contended that the *Miranda* warnings he received were deficient because they did not advise him that he had the right to consult with an attorney before questioning.

The magistrate judge issued a report and recommendation (R&R), recommending that the motions to suppress be denied in full. The magistrate judge concluded that Loucious did not have standing to challenge the search of the car and that the right to consult with a lawyer before questioning could "easily be inferred from the warnings actually given." Loucious objected to the part of the R&R on the *Miranda* warnings, and the district court sustained his objection. The district court granted Loucious's motion to suppress the custodial statements because of its view that Loucious was not advised he had a right to consult with a lawyer before questioning and "because that right could not have been inferred from the warnings given."

The United States timely appealed the order granting suppression. We have jurisdiction and reverse.

## II

We have jurisdiction under 18 U.S.C. § 3731. We review the adequacy of *Miranda* warnings, a question of law, *de*

*novo*. *United States v. Noti*, 731 F.2d 610, 614 (9th Cir. 1984).

## III

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Because this privilege against self-incrimination may be jeopardized when an individual is taken into custody and subjected to questioning, the Supreme Court has established procedural safeguards that require the police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before the start of custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda* requires that a suspect be told, before questioning, that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479. Custodial statements are inadmissible unless the suspect is warned of his or her *Miranda* rights and the suspect knowingly and intelligently decides to forgo those rights. *Id.* The Supreme Court has not required a "precise formulation of the warnings given" to a suspect and has stressed that a "talismanic incantation" is not necessary to satisfy *Miranda*'s "strictures." *California v. Prysock*, 453 U.S. 355, 359 (1981) (per curiam). Instead, "[t]he inquiry is simply whether the warnings reasonably convey to a suspect his rights as required by *Miranda.*" *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (internal quotation marks and alterations omitted). "Reviewing courts . . . need not examine *Miranda* warnings as if construing a will or defining the terms of an easement." *Id.*

The parties dispute whether the warnings here administered by the LVMPD conveyed to Loucious his *Miranda* rights based on the addition of the words "during questioning." The United States contends that the warnings were sufficient because the right to consult with an attorney prior to questioning can be inferred from the warnings given. The warnings explicitly stated that Loucious had the right to the presence of counsel during questioning and that he had the right to have counsel appointed before questioning. Loucious argues that the warnings were deficient because they did not say that Loucious could consult with an attorney before questioning so that he could decide whether to speak with officers at all.

After discussing instructive cases from our court and the Supreme Court, we conclude that the *Miranda* warnings administered by the LVMPD conveyed the substance of the warning that Loucious could consult with an attorney before questioning.

In *United States v. Noa*, 443 F.2d 144 (9th Cir. 1971), we considered the sufficiency of *Miranda* warnings that did not inform the defendant he had the right to consult with appointed counsel prior to questioning. The defendant was presented with the following warnings in oral and written forms:

> You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. If you cannot afford a lawyer, one will be appointed for you if you wish. If you decide to answer

questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

*Id.* at 145. The defendant moved to suppress his statements, arguing that the *Miranda* warnings were inadequate because they did not warn him that he had the right to consult with an appointed attorney prior to questioning. *Id.* at 146. We disagreed, and held that the warnings "conveyed the substance of a warning of the right to consult with appointed counsel prior to and during questioning" because the warning regarding the right to appointed counsel followed the reference to the right to consult with an attorney before and during questioning. *Id.*

We later considered how explicit *Miranda* warnings must be in telling a defendant of the right to consult with an attorney before questioning in *People of the Territory of Guam v. Snaer*, 758 F.2d 1341 (9th Cir. 1985). In *Snaer*, the custodial interrogation warning form read:

Before we ask you any questions, you must understand your rights. You have the right to remain silent. You do not have to talk to me unless you want to do so. If you do want to talk to me, I must advice (sic) you that whatever you say can and will be used as evidence against you in court. You have a right to consult with a lawyer and to have a lawyer present with you while you are being questioned. If you want a lawyer but are unable to pay for one, a lawyer will be

> appointed to represent you free of any cost to you. Knowing these rights, do you want to talk to me without having a lawyer present? You may stop talking to me at any time and you may also demand a lawyer at any time.

*Id.* at 1342. We concluded that the warnings informing the defendant that he had the right to consult with an attorney and to have a lawyer present while he was being questioned "adequately convey[ed] notice of the right to consult with an attorney before questioning." *Id.* at 1343. We also admonished that the warning form met "the minimum requirements of the Constitution" and suggested that Guam revise its form to more clearly inform defendants of their right to consult with counsel before questioning. *Id.*

In *Florida v. Powell*, 559 U.S. 50 (2010), the Supreme Court addressed how clearly *Miranda* warnings must announce a defendant's right to the presence of counsel during questioning. In *Powell*, the defendant was told:

> You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview.

*Id.* at 54. The defendant challenged the sufficiency of the warnings because he was not explicitly told that he had the

right to the presence of an attorney during questioning. *Id.* The Court held that the warnings given did not "entirely omit any information *Miranda* required" the warnings to impart; thus the suspect received adequate notification. *Id.* at 62 (internal quotation marks and citation omitted). The warnings conveyed that the defendant could consult with a lawyer before questioning and that he could use this right any time during the interview. *Id.* As an alternative to the warning given to Powell, the Court lauded the warnings typically administered by the Federal Bureau of Investigation, which read, in relevant part: "You have the right to talk to a lawyer for advice before we ask you any questions. You have the right to have a lawyer with you during questioning." *Id.* at 64. The Court explained that this advice was "admirably informative" because it advised suspects "of the full contours of each [*Miranda*] right." *Id.* The Court, however, declined to "declare [this] precise formulation necessary to meet *Miranda*'s requirements." *Id.* Instead, the Court determined that the warnings received by Powell used different words but "communicated the same essential message." *Id.*

*Noa*, *Snaer*, and *Powell* illustrate the specificity required of *Miranda* warnings, and support our conclusion that Loucious need not have been informed explicitly of his right to consult with counsel prior to questioning. The *Miranda* warnings at issue here adequately conveyed notice of the right to consult with an attorney before questioning. Loucious contends that the warnings could only be understood to suggest that an attorney "could be appointed immediately before questioning for the sole purpose of being present during questioning." We disagree. A more reasonable reading of the warnings Loucious received—that should he not be able to afford an attorney one would be appointed *before* questioning and that he had the right to the

presence of an attorney *during* questioning—taken together conveyed that Loucious could consult with that attorney before questioning. It makes no sense to think that a suspect who is appointed counsel before questioning would not be permitted to consult with that attorney before questioning began. Instead, the warnings reasonably conveyed the inference that Loucious could consult with an attorney prior to and during questioning. *See United States v. Connell*, 869 F.2d 1349, 1351–53 (9th Cir. 1989) (explaining that reviewing courts may make logical inferences from *Miranda* rights explicitly given).

Finally, we emphasize that while Supreme Court case law does not require a verbatim recitation of *Miranda*'s warnings, it does not proscribe it either. *See Prysock*, 453 U.S. at 359. As we have stated, "[t]he police can always be certain that *Miranda* has been satisfied if they simply read the defendant his rights from a prepared card . . . . A verbatim reading would, in all instances, preclude claims such as [Loucious's]." *Noti*, 731 F.2d at 615.

## IV

The *Miranda* warnings given to Loucious adequately conveyed that he had the right to consult with an attorney before questioning even though they did not explicitly inform him of that right. This right was reasonably to be inferred. We reverse the district court's order suppressing Loucious's statements.

**REVERSED.**