**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50380 |
| Plaintiff - Appellee, | D.C. No. 3:17-cr-01649-MMA-1 |
| v. | MEMORANDUM* |
| BRAYAN GUTIERREZ-DIAZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted January 22, 2020**
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Brayan Gutierrez-Diaz appeals the district court's denial of his motion to suppress post-arrest statements. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    We review *de novo* the adequacy of a *Miranda* warning. *See United*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*States v. Loucious*, 847 F.3d 1146, 1148-49 (9th Cir. 2017). In reviewing the sufficiency of a *Miranda* instruction, "courts are not required to examine the words employed as if construing a will or defining the terms of an easement," but rather "simply whether the warnings reasonably convey to a suspect his rights." *Florida v. Powell*, 559 U.S. 50, 60 (2010) (citation omitted). *Miranda* does not mandate a "precise formulation of the warnings given a criminal defendant." *California v. Prysock*, 453 U.S. 355, 359 (1981).

Gutierrez-Diaz argues that the Spanish translation of the *Miranda* warning he received was deficient because of the claimed inherent ambiguity of the Spanish pronoun "le," which can mean either "him/her" or "you." He maintains that he understood the warning (which was both read to him and presented to him in writing) to mean that an attorney could be appointed before Gutierrez-Diaz asked that attorney questions (rather than that he would be appointed an attorney before government agents asked him questions). Gutierrez-Diaz thus claims that the warning failed to adequately inform him that he had the right to have an attorney appointed *prior* to interrogation.

Even assuming Gutierrez-Diaz offers a correct translation — which the government disputes — the *Miranda* warning that he received was adequate. Under his proffered version, Gutierrez-Diaz was informed of his rights to: (i) "consult an attorney"; (ii) "have an attorney present during the interrogation"; and (iii)

2

"appointed" counsel if he was "unable to pay for the services of an attorney."

Collectively, these statements provided Gutierrez-Diaz with sufficient notice of his right to appointed counsel prior to interrogation. *See Prysock*, 453 U.S. at 356-61 (unnecessary to explicitly state when an attorney could be appointed, if the *Miranda* warning conveys a general right to counsel before and during an interrogation). Indeed, this court rejected a similar challenge in *People of Territory of Guam v. Snaer*, 758 F.2d 1341, 1342-43 (9th Cir. 1985) (right to counsel before interrogation is inferred when a *Miranda* instruction conveys both a general "right to consult with a lawyer" and the more specific right to "have a lawyer present with you while you are being questioned"). In addition, contextual clues such as the waiver of rights section — which Gutierrez-Diaz signed — make clear that the *Miranda* instruction, including the attorney appointment clause, pertains to Gutierrez-Diaz's rights in connection with being questioned.

2.      We review a district court's ruling on whether to conduct an evidentiary hearing on a motion to suppress for an abuse of discretion. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Gutierrez-Diaz seeks an evidentiary hearing for the sole purpose to determine which party's translation of the *Miranda* warning is correct. Because we agree with the district court's conclusion that the *Miranda* warning sufficed even under Gutierrez-Diaz's translation, the district court did not abuse its discretion in declining to conduct an evidentiary hearing.

3

**AFFIRMED.**