NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOSEPH HORNOF, AKA Joseph D.
Hornof,

        Defendant - Appellant.

No. 23-2139

D.C. No.
4:21-cr-00166-DCN-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted August 19, 2024**
Portland, Oregon

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA, District Judge.***

    Defendant Joseph Hornof appeals the district court's order denying his

motion to suppress his confession on the ground that he received an inadequate

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    *** The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

*Miranda* warning. Because the parties are familiar with the facts, we do not recount them here. We review the adequacy of a *Miranda* warning de novo. *United States v. San Juan-Cruz*, 314 F.3d 384, 387 (9th Cir. 2002). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

*Miranda* requires that a suspect be told, before questioning, that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). The relevant inquiry is "whether the warnings reasonably 'convey to a suspect his rights.'" *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (alterations omitted) (quoting *California v. Prysock*, 453 U.S. 355, 361 (1981) (per curiam)).

Here, we conclude that the detective's warning complied with *Miranda*. The detective informed Hornof that he had "the right to an attorney," the right to have an attorney appointed, and the right to have "an attorney . . . present during any and all questioning." We have recognized that a defendant "need not have been informed explicitly of his right to consult with counsel prior to questioning," so long as a warning "adequately convey[s] notice of the right." *United States v. Loucious*, 847 F.3d 1146, 1151 (9th Cir. 2017). A warning adequately conveys such notice where it informs the defendant that he has the right to consult with an

2                                                                    23-2139

attorney and to have an attorney present during questioning. *Guam v. Snaer*, 758 F.2d 1341, 1343 (9th Cir. 1985); *see also Loucious*, 847 F.3d at 1149. Because Hornof was informed that he had the right to an attorney and to have an attorney present during questioning, he was adequately informed of his rights under *Miranda*.

**AFFIRMED.**