**NOT FOR PUBLICATION**

FILED

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ERIC DAVID MARRUFO, <br><br> Defendant - Appellant. | No. 23-1606 <br><br> D.C. No. 4:17-cr-00976-CKJ-EJM-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted February 4, 2025
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Eric Marrufo ("Marrufo") appeals his convictions for five counts of

Aggravated Sexual Abuse of a Child under 18 U.S.C. §§ 2241(c), 2246(2), and 1153,

and one count of Abusive Sexual Contact of a Child under §§ 2244(a)(5), 2246(3),

and 1153, raising claims related to the admissibility of evidence. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

There was no error in the admission of Marrufo's pretrial statements taken while he was in custody on unrelated charges. That he was in custody necessitated the *Miranda* warnings he was given, and any prefatory statements did not reasonably alter their meaning. *See United States v. Loucious*, 847 F.3d 1146, 1149 (9th Cir. 2017) ("[T]he inquiry is simply whether the warnings reasonably convey to a suspect his rights . . . ." (quoting *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989))). Both his responses to those warnings, and his testimony from his suppression hearing, clearly show Marrufo understood the consequences of speaking with investigators.

Considering "the totality of all the surrounding circumstances" including "the characteristics of the accused *and* the details of the interrogation," Marrufo did not provide an involuntary confession. *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000)). Marrufo fails to point to any evidence in the record tying the symptoms from his 2019 hospitalization to interrogations occurring two and four years earlier.

Nor did Tribal Detective Jacob Garcia's testimony mentioning Marrufo's incarceration warrant a mistrial. *See United States v. Allen*, 425 F.3d 1231, 1236 (9th Cir. 2005). Marrufo's trial counsel objected at sidebar and sought a mistrial. Although the court denied counsel's request, it offered a curative instruction which counsel declined. Detective Garcia's reference to Marrufo's incarceration was isolated and not repeated by the prosecution.

Further, considering that Marrufo's own testimony about his felony convictions suggested his incarcerated status, there was no error in failing to issue a limiting instruction sua sponte. *See United States v. Voris*, 964 F.3d 864, 875–76 (9th Cir. 2020). In sum, this isolated reference did not "materially affect[ ] the verdict." *United States v. Yarbrough*, 852 F.2d 1522, 1540 (9th Cir. 1988) (quoting *United States v. Guerrero*, 756 F.2d 1342, 1347 (9th Cir. 1984)).

Nor was Detective Garcia's single reference to Marrufo's incarceration "extraneous" within the meaning of Federal Rule of Evidence 606(b)(2)(a). *See Warger v. Shauers*, 574 U.S. 40, 51 (2014) ("Generally speaking, information is deemed 'extraneous' if it derives from a source 'external' to the jury." (quoting *Tanner v. United States*, 483 U.S. 107, 117 (1987))).

Neither did the district court abuse its discretion in declining to subpoena the jurors regarding the impact of the statement. *See Raley v. Ylst*, 470 F.3d 792, 803 (9th Cir. 2006) (determining that the court could not inquire into the jury's deliberations in the absence of proof that the jury had been exposed to extrinsic evidence).

Nor was there an abuse of discretion in certifying Shannon Martucci as an expert. *See United States v. Halamek*, 5 F.4th 1081, 1088 (9th Cir. 2021) ("Extensive experience interviewing victims can qualify a person to testify about the relationships those victims tend to have with their abusers."). Martucci had

previously conducted over 1,700 interviews with victims of child abuse, and her testimony described the possible modus operandi of adults who abuse children, but did not describe the character traits of perpetrators. *See United States v. Telles*, 18 F.4th 290, 302–03 (9th Cir. 2021) (stating that "typical behaviors of sex offenders of child victims" is admissible when it "illuminate[s] how seemingly innocent conduct . . . could be part of a seduction technique" (quotations and citations omitted)).

**AFFIRMED**.