NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10296 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00195-DLR-1 |
| v. | |
| JUAN PABLO GARRIDO CHILACA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted October 15, 2018
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,[**] Chief District Judge.

Juan Pablo Garrido Chilaca was convicted of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). FBI agents interviewed him after obtaining a search warrant for his home. Before reading the *Miranda* warning, an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

agent asked Chilaca for basic biographical information, including his cellphone number. The number linked Chilaca to a Dropbox account that contained child-pornography images. The agent then read the *Miranda* warning to Chilaca in Spanish, and added in English: "You can remain silent, but we want to ask you some questions about the search warrant." Chilaca, who had previously confirmed that he understood English, responded "okay," signed a Spanish-language *Miranda* waiver, and the interview continued. Chilaca then gave the agents details about how he obtained, stored, and accessed the images and videos found on a desktop computer and on hard drives in his home, and in the Dropbox account.

Before trial, Chilaca moved to suppress his statement. After an evidentiary hearing at which Chilaca and the agent testified, the district court found that the agents properly advised Chilaca of his rights and that Chilaca voluntarily, knowingly, and intelligently waived them. The district court, however, suppressed the statement disclosing Chilaca's cellphone number, which was given in response to a question asked before the *Miranda* warning was read.

Chilaca appeals the district court's denial of the motion to suppress. We have jurisdiction under 28 U.S.C. § 1291. We review the adequacy of *Miranda* warnings *de novo*, *United States v. Loucious*, 847 F.3d 1146, 1148–49 (9th Cir. 2017); whether a waiver was voluntary *de novo*, *United States v. Rodriguez-Preciado*, 399 F.3d

17-10296

1118, 1127 (9th Cir. 2005); and whether a waiver was knowing and intelligent for clear error, *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007).  We affirm.

The record amply supports the district court's finding that the agents properly advised Chilaca of his rights.  The agent's added statement, after reading the *Miranda* warning verbatim, that Chilaca could remain silent but the agents wanted to ask him "some questions," did not make the previously given warning misleading or confusing.  *See Duckworth v. Eagan*, 492 U.S. 195, 203–04 (1989); *Loucious*, 847 F.3d at 1149–51.

The record also amply supports the district court's findings that Chilaca's waiver of his *Miranda* rights was voluntary, knowing, and intelligent.  Chilaca cites no authority supporting his argument that the pre-*Miranda* question and answer about his phone number, which the district court suppressed, required suppressing his entire post-*Miranda* statement.  No evidence showed that this or any other pre-*Miranda* statement was used to extract or otherwise pressure him to make additional incriminating statements.  *See United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1049 (9th Cir. 1990).  Chilaca argues that he had only a high-school education; that he was intimidated by the question about his immigration status; that he could not effectively communicate with the agents because their Spanish was poor; and that he was worried about missing work and nervous from being interrogated in a cold van.  None of these factors, separately or together, rises to coercion.  *See United*

*States v. Shi*, 525 F.3d 709, 728 (9th Cir. 2008) ("We require 'some causal connection' between police conduct and the defendant's statement to render it involuntary." (citation omitted)).  The agents did not threaten or coerce Chilaca, and their statements did not tell him that he had to answer their questions.  Chilaca repeatedly acknowledged that he understood his rights, and there is no evidence that he had difficulty understanding or communicating with the agents.

**AFFIRMED.**