**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-10091 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00319-AWI-BAM-1 |
| v. | |
| ROGER CHA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted September 14, 2018
San Francisco, California

Before:  RAWLINSON, WATFORD, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Roger Cha (Cha) appeals his conviction for one count

of possession of visual content depicting a minor engaged in sexually explicit

conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  Cha alleges that the district

court should have suppressed inculpatory statements made to law enforcement

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

because his *Miranda*[1] waiver was not voluntary, knowing, and intelligent. "We review a denial of a motion to suppress and whether a defendant is constitutionally entitled to *Miranda* warnings *de novo*." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008) (citation omitted). We also review *de novo* the voluntariness of a *Miranda* waiver, and we review for clear error whether the waiver was made knowingly and intelligently. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1259 (9th Cir. 2005). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Under the totality of the circumstances, Cha was in custody during his interrogation and therefore entitled to *Miranda* warnings. *See Craighead*, 539 F.3d at 1082-84 (listing factors to consider when evaluating whether a defendant was in custody during an in-home interrogation). The *Miranda* advisement given to Cha prior to questioning was adequate, as the agent provided a straightforward reading of the requisite warnings that "reasonably convey[ed]" Cha's constitutional rights. *United States v. Loucious*, 847 F.3d 1146, 1149 (9th Cir. 2017) (citation omitted).

Cha's *Miranda* waiver was voluntary, as "[t]here was no evidence in the record of police overreaching," and the agents made no threats or promises to Cha before he waived his rights. *Labrada-Bustamante*, 428 F.3d at 1259 (citation and

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

internal quotation marks omitted). Cha verbally indicated that he understood his rights, signed a written waiver, and responded appropriately to the agents' questions. *See United States v. Vallejo*, 237 F.3d 1008, 1014-1015 (9th Cir.), *as amended*, 246 F.3d 1150 (9th Cir. 2001). Cha asked for clarification once, but he did not otherwise indicate that he had any difficulty understanding the conversation. *See id.* Because a review of the record does not leave us "with the definite and firm conviction that a mistake has been committed," we conclude that the district court did not clearly err in concluding that Cha's *Miranda* waiver also was knowing and intelligent. *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (citation omitted); *see also Labrada-Bustamante*, 428 F.3d at 1259 (reviewing for clear error).

Cha asserts that the district court further erred by failing to *sua sponte* give a hearsay limiting instruction addressing the admission of portions of Cha's interrogation, and by failing to *sua sponte* give a dual-role instruction for the testimony of an investigating agent. However, any error was rendered harmless in view of the admission of Cha's confessions. *See United States v. Bailey*, 696 F.3d 794, 804 (9th Cir. 2012) (recognizing that a district court's evidentiary error may be harmless if the defendant's incriminating confession was properly admitted).

3

Cha also asserts that the district court erred by declining to give Cha's proposed instruction detailing his theory of defense. But Cha's legal theory was fairly and adequately covered by other instructions, *see United States v. Del Toro-Barboza*, 673 F.3d 1136, 1147 (9th Cir. 2012), and the district court was not required to set out his version of the *facts*. *See* Fed. R. Crim. P. 30(a).

**AFFIRMED.**